YELVERTON, Judge.
Defendant, James R. McCoy, pleaded guilty to one count of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. In a plea bargain, three other like charges were dismissed. He was sentenced to eight years at hard labor, two years of which were suspended, and placed on supervised probation for two years. He appeals complaining that the trial court erred in denying his motion to quash based on the delay in sentencing, and that the sentence was excessive. We find no error and affirm.

Delay in Sentencing

Defendant pleaded guilty on November 5, 1985. The trial court ordered a presentence investigation report. Sentencing was set for March 4, 1986. On November 18, 1985, defendant posted bond and was released from jail. Upon being released, defendant was arrested and incarcerated for theft of utilities charges in La-Salle Parish. The LaSalle charges were apparently dismissed when defendant was transferred to Texas for a probation revocation hearing there. His probation was revoked in Texas on February 20, 1986, because of the charges in Catahoula Parish, and he was ordered to serve three years in Texas. After serving nine months and twenty-eight days of that sentence, he was paroled in May 1986. Staying in Texas, he successfully completed his parole program in August 1988.
On March 4, 1986, the date of his scheduled sentencing in Louisiana, sentencing was continued without date, because the defendant was then incarcerated in Harris County. A hold was placed on him. In February 1989, Catahoula Parish authorities learned that defendant had been released from custody.
Defendant's bondsman finally located him and he was arrested and advised to appear for sentencing. On April 4, 1989, he filed a motion to quash asserting that there had been an unreasonable delay in sentencing. The trial court denied the motion. Defendant invoked the supervisory jurisdiction of the Louisiana Supreme Court. That court transferred the case to this court. In an unpublished writ bearing number K89-719, dated February 2, 1990, this court ruled that defendant’s application was premature since he had not yet been sentenced. He was sentenced on May 4, 1990.
La.C.Cr.P. art. 874 provides:
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the supreme court.
In State v. Milson, 458 So.2d 1037 (La.App. 3rd Cir.1984), this court set forth the law and jurisprudence governing unreasonable sentencing delays as follows:
It is clear that a defendant is statutorily entitled to the imposition of sentence without unreasonable delay. City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); State v. Johnson, 363 So.2d 458 (La.1978). Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant. State v. Duncan, 396 So.2d 297 (La.1981). In determining whether the delay was unreasonable or prejudicial, the appellate court adopts a flexible approach in which all of the circumstances are evaluated on a case-by-case basis. Duncan, supra; City of Baton Rouge, supra. The sanction for an unreasonable delay in sentencing is the divestiture of the trial court’s jurisdiction to sentence the defendant. State v. McQueen, 308 So.2d 752 (La.1975).
In Milson, the defendant pleaded guilty to manslaughter on August 13, 1979. The trial court deferred sentencing, ordered a *699 presentence investigation report, and released defendant on bond. No further action was taken until January 17, 1984, whereupon the trial judge sentenced defendant to serve ten years at hard labor. On appeal this court held that the four and one-half year delay in sentencing was without good cause. The court noted that the record was void of any evidence that defendant was ever notified of a sentencing date earlier than January 17, 1984, or that defendant concealed his whereabouts from the trial court or the state.
Similarly, in State v. Davis, 542 So.2d 856 (La.App. 3rd Cir.1989), this court ruled that the trial court erred in sentencing relator after a lapse of three years and nine months since the conviction. In a brief opinion, the court noted that the delay was unreasonable and the record did not reflect any factors which would justify such a delay.
In State v. Quinney, 543 So.2d 1050 (La.App. 3rd Cir.), writ denied, 545 So.2d 1040 (La.1989), this court held that a delay between entry of a plea of guilty and sentencing of thirteen years was unreasonable. Without going into the facts of the case, the court simply noted that the delay was not justified by the record.
The present case is clearly distinguishable from the above cited cases. In the above cases, the delay was lengthy (the shortest was three years and nine months), and the record did not reflect any justification. In the present case, the trial court noted that defendant was not released from custody in Texas until August 1988. In February 1989, defendant’s bondsman found defendant and he appeared for sentencing in the instant case. We agree with the trial court that the only real delay was from August 1988 to February 1989, a period of only six months.
This assignment of error lacks merit.

Assignment of Error No. 2

Defendant argues that the trial court erred in imposing an excessive sentence. We disagree.
Defendant’s potential sentence for simple burglary of an inhabited dwelling was imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. Thus, defendant’s sentence of eight years, two of which were suspended, was well within the statutory limits.
The law and jurisprudence involving the imposition of sentences within the statutory limits is well established and will not be reiterated herein. See State v. Robicheaux, 412 So.2d 1313 (La.1982).
The trial court carefully followed the sentencing guidelines, and gave sound reasons for the sentence. Among those reasons was the defendant’s criminal record. Defendant was a third felony offender, with previous convictions in Tennessee and Texas. His last felony conviction was in 1985. The sentencing court observed that defendant could have been billed as a multiple offender and given the maximum sentence.
Moreover, the defendant benefited from the plea bargain. Three other charges of burglary of an inhabited dwelling were dismissed. The sentence imposed was not cruel, unusual or excessive. The sentence is affirmed.
AFFIRMED.