672 So.2d 188 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alfred DORSEY, Jr., Defendant-Appellant.
No. CR95-1084.
Court of Appeal of Louisiana, Third Circuit.
March 20, 1996.
*189 Janet M. Perrodin, Asst. Dist. Atty., Michael Harson, Lafayette, for State.
G. Paul Marx, Lafayette, for Alfred Dorsey Jr.
Before KNOLL, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
Alfred Dorsey, Jr. pled guilty on May 14, 1991, to issuing numerous worthless checks exceeding $500.00. He was sentenced to six years at hard labor on May 11, 1995. His motion to reconsider his sentence was denied. He now appeals his sentence on the basis that the four-year delay in sentencing him renders his sentence unreasonable and illegal.
We disagree with the defendant's contention and affirm his sentence.

LAW AND DISCUSSION
Before discussing the merits of the defendant's contention, we observe that Mr. Dorsey did not file a motion to quash nor did he raise the delay as a specific ground in his motion to reconsider sentence. However, he did mention the delay of sentencing at the hearing on the motion to reconsider held on June 2, 1995. Although the defendant has raised the issue of delay in sentencing for the first time on appeal, his mention of the delay at the hearing is sufficient to invoke the jurisdiction of our court to address this issue.
This court set forth the law and jurisprudence governing unreasonable sentencing delays in State v. Milson, 458 So.2d 1037, 1039 (La.App. 3 Cir.1984):
It is clear that a defendant is statutorily entitled to the imposition of sentence without unreasonable delay. City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La. 1980); State v. Johnson, 363 So.2d 458 (La.1978). Principles of fundamental fairness dictates by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant. State v. Duncan, 396 So.2d 297 (La.1981). In determining whether the delay was unreasonable or prejudicial, the appellate court adopts a flexible approach in which all of the circumstances are evaluated on a case-by-case basis. Duncan, supra; City of Baton Rouge, supra. The sanction for an unreasonable delay in sentencing is the divestiture of the trial court's jurisdiction to sentence the defendant. State v. McQueen, 308 So.2d 752 (La.1975).
See also, State v. McCoy, 586 So.2d 697 (La.App. 3 Cir.1991).
"Neglect" by the State in pursuing sentencing as well as the failure by the defendant to avail himself of the right to expedite sentencing are recognized as factors in determining reasonableness. State v. Muse, 367 So.2d 789 (La.1979).
In State v. Johnson, 363 So.2d 458 (La. 1978), the defendant was found guilty of armed robbery by a jury in January of 1970. The defendant escaped while awaiting sentencing. The State located the defendant in Michigan in August, where he was subsequently convicted of two crimes and sentenced to ten (10) to fifteen (15) years imprisonment. Correspondence passed between Louisiana and Michigan. Louisiana repeatedly issued detainers, inquired if the defendant would waive extradition and "requested" the defendant for sentencing. *190 However, Louisiana did not institute formal proceedings for the defendant's return. In August of 1977, Michigan paroled the defendant. Defendant waived extradition and returned to Louisiana. In December of 1977, he was sentenced in Louisiana to thirty-five (35) years imprisonment without benefit of probation, parole, or suspension of sentence. The defendant was given credit for time served in both Louisiana and Michigan. The supreme court noted defendant was given credit for time served in Louisiana and Michigan and that he was statutorily entitled to imposition of sentence without unreasonable delay. Also, the supreme court, without determining the reasonableness of the delay, held that defendant was not entitled to have his conviction and sentence set aside because he did not suffer any prejudice by the delay.
In City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980), the defendant pled guilty to D.W.I. (first offense) on December 12, 1974. Sentencing was deferred pending the receipt of the presentence investigation report. No further action was taken until December 21, 1978, when a bench warrant was issued for the petitioner's arrest. During the interim, the petitioner moved to another parish, but upon learning of the warrant's issuance, the petitioner appeared in court to obtain its recall. Petitioner was ordered to pay a fine of $200 and serve thirty (30) days in prison, but the jail time was suspended and the petitioner was placed on one (1) year supervised probation. The court determined that the record disclosed an extreme and unjustified delay. The court found there was no indication that petitioner was notified of a sentencing date, that the petitioner concealed his whereabouts, nor that any effort was made to locate him before a bench warrant was issued in December of 1978, four (4) years after his conviction for a "relatively minor" offense.
State v. McCoy, 586 So.2d 697, 698 compared other reported cases of this court involving delay of sentencing:
In Milson, the defendant pleaded guilty to manslaughter on August 13, 1979. The trial court deferred sentencing, ordered a presentence investigation report, and released defendant on bond. No further action was taken until January 17, 1984, whereupon the trial judge sentenced defendant to serve ten years at hard labor. On appeal this court held that the four and one-half year delay in sentencing was without good cause. The court noted that the record was void of any evidence that defendant was ever notified of a sentencing date earlier than January 17, 1984, or that defendant concealed his whereabouts from the trial court or the state.
Similarly, in State v. Davis, 542 So.2d 856 (La.App. 3rd Cir.1989), this court ruled that the trial court erred in sentencing relator after a lapse of three years and nine months since the conviction. In a brief opinion, the court noted that the delay was unreasonable and the record did not reflect any factors which would justify such a delay.
In State v. Quinney, 543 So.2d 1050 (La.App. 3rd Cir.), writ denied, 545 So.2d 1040 (La.1989), this court held that a delay between entry of a plea of guilty and sentencing of thirteen years was unreasonable. Without going into the facts of the case, the court simply noted that the delay was not justified by the record.
This court found the circumstances in McCoy to be distinguishable from the above-cited Third Circuit cases. In the above cases, the delay was lengthy (the shortest being three years and nine months), and the record did not reflect any justification for the delay. In McCoy, the defendant pleaded guilty on November 5, 1985. His sentencing was set for March 4, 1986; however, he posted bond and was released from jail on November 18, 1985. Upon release, the defendant was arrested and incarcerated in LaSalle Parish for theft of utilities. The LaSalle charge was dismissed when the defendant was transferred to Texas for a probation revocation hearing there. On February 20, 1986, the defendant's probation in Texas was revoked because of the Catahoula Parish charges. In Texas, the defendant was ordered to serve three (3) years. The defendant was paroled in May of 1986 after serving nine (9) months and twenty-eight (28) days of that sentence. He stayed in Texas and successfully completed his parole *191 program in August of 1988. The trial court noted that the defendant was not released from custody in Texas until August 1988. However, in February 1989, the defendant's bondsman found him and he appeared for sentencing. This court agreed with the trial court that the only real delay was the six-month period from August 1988 to February 1989.
In the present case, defendant pled guilty on May 14, 1991. The trial court allowed defendant to remain on bond in order to make restitution. The trial court ordered a presentence investigation. Sentencing was set for August 21, 1991. Defendant appeared in open court on August 21, 1991, represented by David Balfour who stood in for Charles Pesson. The trial court continued the sentencing and reset the matter for September 26, 1991, after defendant requested Mr. Pesson be present for his sentencing. The trial court gave defendant oral notice of the refixing and instructed defendant that all restitution payments were to be made through the District Attorney's Office. Defendant did not appear for sentencing on September 26, 1991, and the trial court issued a bench warrant. The bench warrant was recalled on November 16, 1994. The record does not indicate whether defendant's incarceration in the Lafayette Parish Correctional Center on November 16, 1994, the date the bench warrant was recalled, was pursuant to an arrest based on the bench warrant issued on September 26, 1991. A fax from the Lafayette Parish Sheriff's Office was introduced showing that defendant was incarcerated in Rapides Parish from "September 6, 1990 until January 15, 1992." The date September 6, 1990 is a clerical error it should have been September 6, 1991. The fax contained verification from the Rapides Sheriff's Office that defendant was incarcerated during the above mentioned time. The fax also contained a copy of a fax from Judge Hebert to the Lafayette Parish Correctional Center indicating that the bench warrant had been recalled.
On December 2, 1994, defendant appeared in open court, represented by David Balfour, for sentencing, but sentencing was reset for January 5, 1995, after the trial court granted defendant's motion for continuance. The trial court ordered defendant released on bond on the understanding that defendant intended to make complete restitution through the District Attorney's Office before sentencing. However, defendant did not appear for sentencing on January 5, 1995, and due to this non-appearance, the trial court issued a bench warrant for his arrest and ordered the bail bond forfeited. A judgment was signed and filed on January 27, 1995, ordering the bail bond forfeited. The bench warrant was later recalled on May 5, 1995, and sentencing was set for May 11, 1995.
On May 8th, the trial court granted the District Attorney's motion and order for writ of habeas corpus ad prosequendum and issued an order commanding the Lafayette Parish Sheriff's Office to produce defendant in the Fifteenth Judicial District Court on or before May 11, 1995. Also, on May 8, 1995, the judgment of bond forfeiture was annulled because the bench warrant issued on the same day was recalled. Dorsey was confined in the Rapides Parish Jail at the time the District Attorney filed the above motion on May 8, 1995.
On May 11, 1995, Dorsey appeared in court represented by David Balfour and was sentenced to six (6) years. During sentencing, defense counsel asked for a delay in sentencing to research and investigate the dates that defendant was not in court and the reasons why he was not in court. The trial court denied this motion to delay sentencing.
During defendant's motion to reconsider sentence hearing on June 2, 1995, defense counsel stated that Dorsey was incarcerated in Rapides Parish from September 6, 1991 until January 15, 1992 and at Hunt Correctional Facility from January 15, 1992 until February 16, 1993, the date of his parole.
Dorsey was given notice of the rescheduling of the sentences. Regarding the bench warrants issued on September 26, 1991 and January 5, 1995 (both are sentencing dates), the record does not indicate why the Lafayette Parish Sheriff's Office was not able to locate him while he was incarcerated from September 6, 1991 until February 16, 1993 or when he failed to appear on January 5, 1995. *192 Defendant was released on bond prior to these scheduled sentencing dates. These warrants were recalled on November 16, 1994 and May 5, 1995, after it was determined that Dorsey was in the Lafayette Parish Jail and in Rapides Parish Jail, respectively. Also, defendant's continuances and his incarceration on unrelated matters in Rapides Parish and at Hunt Correctional Facility were causes of the delay in sentencing. Further, defendant does not show that he suffered any prejudice by the approximately four (4) year delay in sentencing. See La.Code Crim.P. art. 921. Therefore, the delay in sentencing defendant was not unreasonable and defendant's assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.