327 So.2d 375 (1976)
STATE of Louisiana ex rel. Frank L. GEORGE
v.
Elayn HUNT, Director, Louisiana Department of Corrections.
No. 56819.
Supreme Court of Louisiana.
February 23, 1976.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ralph E. Tyson, Asst. Atty. Gen., Ossie Brown, Dist. Atty., for defendant-relator.
Vincent Wilkins, Jr., Director, Roland T. Huson, III, Appellate counsel, Baton Rouge, for plaintiff-respondent.
*376 DENNIS, Justice.
We granted certiorari to review a trial court judgment granting respondent credit on his state conviction for the time he served in a federal penitentiary.
In April, 1961, respondent George was sentenced to serve 21 years at hard labor following his conviction for manslaughter. After serving one third of this sentence, he was paroled on April 19, 1968.
He was arrested in Louisiana on January 11, 1972 on a federal charge, then tried, convicted, and confined in a federal correctional institution in Texarkana, Texas. On June 3, 1974, he was released by the federal authorities and returned to the Louisiana State Penitentiary. This was by virtue of a detainer issued by the State shortly after his arrest on the federal charge and filed with the federal authorities.
On August 5, 1974, the respondent filed a petition for mandamus in the Nineteenth Judicial District Court for the Parish of East Baton Rouge to be given credit on his Louisiana sentence for the time served in federal custody. On July 10, 1975, judgment was rendered in his favor decreeing that "[t]he State having failed to bring applicant [back] to serve the remainder of his sentence, * * *" respondent should be given credit for the period from January 11, 1972 to June 3, 1974 on his Louisiana sentence.
Respondent contends that the trial court ruling was correct and in accordance with our decision in State v. Jones, 285 So.2d 231 (La.1973). The facts in Jones are somewhat similar to those before us, but there are also important differences. After Jones had been placed on two years probation by a Louisiana court, he pleaded guilty to a federal charge and was confined in a federal correctional institution in Florida. During his incarceration there he filed a motion in the proper Louisiana court asking for a speedy trial on a warrant and detainer which had been filed by the State charging him with probation violation. The motion was denied. After expiration of the two year probationary period relating to his state conviction, Jones was released by the federal authorities and returned to Louisiana. We held that the state could not revoke his probation because his two years suspended sentence had been completed. We reasoned that Jones' confinement in a federal prison during this period did not suspend the running of the probation period because, as held by Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the state could have arrested Jones under warrant and returned him to state court for trial on the charge of violation of his probation.
The situation in the Jones case was substantially different from the one in the instant proceeding where the respondent was returned to Louisiana to resume serving his sentence well before the parole term had elapsed. In fact, in the Jones opinion, at footnote No. 4, we specifically stated that we were not in that case faced with a situation where the warrant was executed and the defendant brought before the court before the completion of the suspended sentence. Furthermore, here respondent did not request that he be returned to Louisiana for a determination concerning his parole revocation, whereas Jones moved for a speedy trial in this regard, albeit unsuccessfully.
Nevertheless, respondent argues that the Jones opinion contains language indicating the state has an absolute obligation to return to Louisiana prisoners confined outside the state for prompt hearing and determination of their revocation charges. In the opinion we stated:
"Our holding today is consistent with recent decisions of the United States Supreme Court, unanimous as to this issue. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). These hold that, in a hearing to revoke probation or *377 parole, the defendant is entitled to compliance with certain due process standards, including a hearing and determination within a reasonably prompt time after the revocation charge is made. See also, Comment, Effective Guaranty of a Speedy Trial for Convicts in other Jurisdictions, 77 Yale L.J. 767 (1968). Among the reasons requiring this is the otherwise possible loss of having multiple sentences run concurrently rather than consecutively, as well as the desirability of holding the hearing when the evidence is fresh." 285 So.2d at 234.
In addition to being dicta unnecessary to a decision of the case, these remarks were never intended to apply to every case in which a parolee or probationer is confined outside the state. The state is not required to seek a prisoner's return for trial on revocation charges except where necessary to a timely initiation of the revocation proceedings or the prevention of real prejudice to the prisoner.
Respondent does not contend that his return to Louisiana while in federal custody was essential to a timely initiation of proceedings. Nor does he argue that an early hearing was required to assure fresh evidence, because he admits having violated his parole by committing a subsequent felony. His only complaint is that by not having his parole revoked earlier, he lost the chance to have his Louisiana sentence run concurrently with the federal sentence.
We find no merit in respondent's argument. Generally, credit for time spent while serving a sentence under a conviction in one jurisdiction will not be allowed against a sentence upon another conviction in a second jurisdiction. Jennings v. Hunt, 272 So.2d 333 (La.1973). Of course, where a detainer and warrant issued by Louisiana authorities cause confinement in a foreign jurisdiction, credit will be allowed, Jennings v. Hunt, supra, but there is no allegation or proof of this in the instant case. If respondent had been brought back to Louisiana during his federal prison term, he would have been entitled to a hearing before the board of parole. La.R.S. 15:574.9(A). After such a hearing the board of parole may refrain from ordering revocation, La.R.S. 15:574.9(B), or, if it revokes parole, the board may consider commutation of sentence, the time served prior to parole, and any diminution of sentence earned for good behavior while in the institution. La.R.S. 15:574.9(E). However, the board of parole has not been granted the authority to modify a sentence so as to have it run concurrently with another sentence.
Perhaps respondent has mistakenly based his argument on La.R.S. 15:574.10, which provides that when a person is convicted in this state of a felony committed while on parole, the sentencing judge may order the new sentence of imprisonment to be served consecutively to or concurrently with the term of imprisonment for violation of parole. However, this statute can have application only to the state courts, and clearly refers to a situation in which the felony committed while on parole is a state crime, punishable by a sentence imposed by a state judge. For this reason La.R.S. 15:574.10 has no effect in respondent's situation where the crime committed by him while on parole was a federal offense.
Therefore, if respondent had been brought back to Louisiana during his federal confinement, his Louisiana sentence could not have been made to run concurrently with the federal sentence. Furthermore, upon his return to the state after serving his federal sentence, he was still entitled to a hearing before the board of parole and to any relief which it was empowered to grant him under law. La.R.S. 15:574.9. Consequently, we fail to see how respondent has been prejudiced by the state's failure to seek an interruption of his federal incarceration or to grant him an earlier revocation hearing.
*378 We are disturbed by intimations in the briefs to the effect that respondent has never been afforded a hearing upon his parole revocation. However, respondent has asked only for credit of time against his sentence and has not complained of a denial of due process because he has not been afforded a hearing. Since he may apply for such relief by habeas corpus if necessary, we will not consider this potentially troublesome aspect of his case at this time.
For the reasons assigned, the judgment of the district court is reversed and the writ is recalled.
SANDERS, C. J., concurs in the result only.