380 So.2d 63 (1980)
CITY OF BATON ROUGE
v.
Norman J. BOURGEOIS.
No. 65580.
Supreme Court of Louisiana.
February 6, 1980.
*64 M. Glenn Hawkins, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ralph Tyson, City Prosecutor, City of Baton Rouge, for plaintiff-respondent.
PER CURIAM.
On December 12, 1974, petitioner Norman J. Bourgeois pleaded guilty to a charge of driving while intoxicated (first offense), a violation of La.R.S. 14:98. The trial court deferred sentencing, pending receipt of the requested presentence investigation report. It appears that no further action was taken in this case until December 21, 1978, when a bench warrant was issued for petitioner's arrest. During the interim, petitioner had moved to another parish, but learning of the warrant's issuance, he appeared in court, through counsel, to obtain its recall. Before sentence was imposed, petitioner filed a motion to quash on grounds of unreasonable delay. Although the motion was not opposed by the city prosecutor, the court denied it. Petitioner was ordered to pay a $200 fine and serve 30 days in prison, but jail time was suspended and petitioner was placed on one year's unsupervised probation. We granted writs to review the court's ruling on the motion to quash.
A defendant is statutorily entitled to the imposition of sentence "without unreasonable delay" and the sanction for noncompliance is divestiture of the trial court's sentencing jurisdiction. La.C.Cr.P. Art. 874; State v. Johnson, 363 So.2d 458 (La. 1978); State v. McQueen, 308 So.2d 752 (La.1975). What constitutes an "unreasonable delay" is determined on a flexible case-by-case basis.
The present record discloses an extreme and unjustified delay. There is no indication that petitioner was notified of a sentencing date, nor that he concealed his whereabouts nor that any effort was made to locate him before a bench warrant was issued in December of 1978, four years after his conviction for this relatively minor offense. Accordingly, we find error in the denial of the motion to quash.
The ruling below is reversed and the case is remanded for further proceedings consistent with this opinion.