396 So.2d 297 (1981)
STATE of Louisiana
v.
Reginald DUNCAN.
No. 80-K-2278.
Supreme Court of Louisiana.
March 20, 1981.
*298 Theon A. Wilson, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, John Craft, Asst. Dist. Attys., for plaintiff-respondent.
LEMMON, Justice.[*]
This court granted defendant's application for certiorari to decide whether the state's failure to hold a hearing before September 6, 1980, on a probation violation warrant executed on March 7, 1979, violates defendant's rights to due process, when defendant was in federal prison during virtually the entire period in question. A second issue is whether defendant is entitled to credit for time served in federal prison, if his probation was properly revoked.

I.
On January 24, 1977 defendant was sentenced to serve ten years in prison for attempting to obtain a controlled dangerous substance by fraud. R.S. 40:971. Although he was adjudicated a habitual offender on the basis of a prior conviction of simple robbery, his sentence was suspended, and he was placed on active probation for ten years, with special conditions relative to drug addiction treatment being imposed.[1]
On March 7, 1979 defendant was arrested for violating his probation.[2] When it was discovered that he was wanted by federal authorities for federal offenses committed during the probationary period, defendant was transferred to federal custody. On April 6, 1979 he pleaded guilty to a federal indictment charging felony offenses in connection with his forgery of a treasury check. 18 U.S.C. 495. He was sentenced to serve three years in the custody of the Attorney General of the United States. The record does not reveal any request by defendant, while in federal prison, to have a hearing on his pending probation revocation.[3]
When defendant was released from federal prison on August 29, 1980, he was transferred back to state custody. Thereafter, on September 26, 1980, a probation revocation hearing was held. The trial court denied defendant's motion to dismiss the revocation charge and alternatively to reduce the term, but amended the original ten-year term and sentenced defendant to *299 five years imprisonment.[4] This court granted certiorari. La., 393 So.2d 113.

II.
At the outset it is important to recognize that this case is governed by principles of due process and not by the defendant's right to a speedy trial guaranteed by U.S. Const. Amend. VI and La.Const. Art. I, § 16 (1974). See State v. Johnson, 363 So.2d 458 (La.1978). The cited provisions only apply to the right of an accused to have an expeditious determination of guilt. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Johnson, above.
Nevertheless, principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as imposition of sentence or, as here, revocation of probation (or parole), when the delays cause prejudice to the defendant. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); State ex rel. Bertrand v. Hunt, 308 So.2d 760 (La. 1975). Similarly, C.Cr.P. art. 900 requires that a probation revocation hearing be held without unnecessary delay after the probationer has been arrested for violation of probation. Because the defendant in this case was arrested for violating his probation on March 7, 1979 and probation was not revoked until September 26, 1980, we must decide whether the delay was unnecessary or unreasonable within the contemplation of the codal article and whether defendant was denied due process of law because of the elapsed period.[5]
The revocation hearing was held shortly after defendant was returned to state custody by the federal authorities. The pertinent inquiry, therefore, is whether defendant's constitutional and statutory rights were violated because the state failed to conduct a revocation hearing while defendant was in federal custody.
In State ex rel. George v. Hunt, 327 So.2d 375 (La.1976) this court said:
"The state is not required to seek a prisoner's return for trial on revocation charges except where necessary to a timely initiation of the revocation proceedings or the prevention of real prejudice to the prisoner." 327 So.2d 377.
In determining whether the delay was unreasonable or prejudicial, the court should adopt a flexible approach in which all of the circumstances are evaluated. See City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980) and State v. Johnson, above, dealing with this court's approach to "unreasonable delay" in sentencing. See also C.Cr.P. art. 874.
Here, we do not find that the delay was either unreasonable or prejudicial. Defendant's whereabouts were known, and he was available to state authorities. *300 Nevertheless, there was no compelling reason to conduct a revocation hearing immediately, since defendant could not be prejudiced by any delay. Under C.Cr.P. art. 901 defendant's probation could be revoked upon proof of conviction of a federal felony offense committed during the probationary period. The state has only to establish the federal conviction as the basis for revocation. State v. O'Conner, 312 So.2d 645 (La. 1975). In this case, therefore, positive and unimpeachable proof of an unexcusable violation of probation was a relatively easy thing to establish. On the other hand the delay could have been beneficial. Revocation is not mandated when there has been a felony conviction for conduct occurring during the term of probation. C.Cr.P. arts. 900 and 901. Trial courts must exercise discretion, even when proof of a violation has been established. See State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976); State v. Lassai, 366 So.2d 1389 (La.1978). Therefore, the prisoner's good behavior during a period of incarceration could have favorably impressed the trial judge regarding the decision to reinstate or to revoke probation.[6] See Moody v. Daggett, above.
We conclude that the overall circumstances of this case do not establish that the mere passage of time, while defendant was serving part of a subsequent sentence, constituted an "unnecessary" or unreasonable delay.[7] For similar reasons, and principally because there has been no showing of prejudice, we conclude that defendant was not denied due process of law.[8]

III.
Defendant also contends that he was entitled to credit for time served while in the custody of federal authorities. There is plainly no basis for this contention. This court has required trial courts to award credit for time served in out-of-state institutions when the prisoner's incarceration was caused by a detainer issued on the Louisiana charge against him. See Jennings v. Hunt, 272 So.2d 333 (La.1973). However, this is not the case here, since defendant's out-of-state confinement was caused by his conviction of a federal offense committed while on probation.
Although C.Cr.P. art. 883.1 now authorizes trial courts to award concurrent sentences with federal terms, the code explicitly authorizes consecutive terms if probation is revoked because of the commission of another crime while on probation. See C.Cr.P. art. 901. Moreover, there is certainly no constitutional barrier to denial of concurrent sentences. The accused in this case was a multiple offender who, although given an opportunity to rehabilitate himself, continued to commit crimes. His proven record of repeated criminality speaks *301 strongly against an award of a concurrent sentence. See State v. Watson, 372 So.2d 1205 (La.1979).
Defendant is entitled to have credited toward his Louisiana sentence (1) the time spent in custody between his arrest as a probation violator and his transfer to federal custody and (2) the time spent in custody between the end of his federal custody and eventual revocation.
We accordingly affirm the trial court's denial of defendant's motion to dismiss the petition for revocation and motion to reduce the term of revocation. The trial court's revocation of probation is also affirmed. The matter is remanded to the trial court for reimposition of sentence with appropriate credit for any time served in actual custody solely as a result of the revocation proceedings.[9]
NOTES
[*] Judges Ellis, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson and Lemmon.
[1] Whether this period of probation exceeds the maximum five-year probationary period authorized by C.Cr.P. art. 893 is not at issue. He was revoked within five years.
[2] Apparently his probation officer ascertained that the defendant was not in compliance with probation conditions and requested that the warrant be issued.
[3] The defendant's assertion, in brief, to the contrary is not supported by the record.
[4] In brief the state argues that the trial court did in fact reduce the term. However, a reading of the court's comments support a conclusion that the reduction was inadvertent error, since the original five-year sentence had been increased at the multiple offender hearing. In any event, should there be confusion, the state may file a motion in the trial court requesting clarification of the sentence. At the close of the probation revocation hearing the trial judge said:

"BY THE COURT:
"All right. I find the defendant has violated his probation. The sentence which was originally suspended, is now imposed upon the defendant.
"The defendant is ordered to serve five years in the custody of the Criminal Sheriff for the Parish of Orleans.
"Mr. Duncan, I don't have any hesitation in doing this. You've had more than once [sic] chance. You've had two or three. You abused them. That's your last chance. I'm going to oppose any good time for this defendant. Remand the defendant to Parish Prison at this time."
[5] This case does not involve the problems presented in those cases in which the revocation proceedings were not timely instituted or in which the hearing was conducted after the probationary period elapsed. See State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La.1979); State v. Jones, 285 So.2d 231 (La.1973). The revocation hearing in this case was held well within the period of probation.
[6] Here defense counsel offered no evidence or argument regarding defendant's behavior while in the federal prison.
[7] In briefs filed in the trial court and in this court defendant argues prejudice due to the denial of an opportunity to have the state and federal sentences run concurrently. This argument assumes that the defendant was entitled to such favorable treatment. Despite his probation officer's conscientious efforts (testified to by the probation officer at the revocation hearing) to help him to rehabilitate himself, defendant would not cooperate with the drug rehabilitation program and manifested recidivist tendencies by continuing to engage in criminal activity. The trial judge was understandably unsympathetic.

Failure to hold a pre-revocation hearing is similarly not prejudicial because his detention was not the result of the probation violation warrant. It was the result of his guilty plea to a federal crime and the subsequent federal sentence. When the defendant, as here, admits (by his guilty plea) the violation, the state's failure to hold a preliminary revocation hearing (especially when a hearing is not requested, as the record reflects here) is not a basis for dismissing the revocation proceedings.
[8] In evaluating whether pre-accusation delay entitled a defendant to dismissal of charges, courts have required a showing of prejudice. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Medina, 569 F.2d 349 (5th Cir. 1978); State v. Malvo, 357 So.2d 1084 (La.1978). After a showing of prejudice has been made, courts then evaluate the prosecutor's justification for the delay in deciding whether a due process violation has occurred. United States v. Medina, above. For reasons stated earlier, no prejudice has been shown in this case.
[9] C.Cr.P. art. 880; Jennings v. Hunt, above.