458 So.2d 1037 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael MILSON, Defendant-Appellant.
No. CR84-254.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*1038 Russell K. Zaunbrecher, Edwards, Stefanski & Barousse, Crowley, for defendant-appellant.
Glenn Foreman, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before FORET, DOUCET, and KNOLL, JJ.
KNOLL, Judge.
The defendant, Michael Milson, pleaded guilty on August 13, 1979, to manslaughter, a violation of LSA-R.S. 14:31. Four and one-half years later, on January 20, 1984, the defendant was sentenced to serve six years at hard labor. Prior to sentencing defendant filed a motion to quash the sentence on the grounds of unreasonable delay in imposing the sentence, which the trial court denied. Defendant appeals contending the trial court erred in overruling his motion to quash. We reverse, finding the trial court was divested of jurisdiction to sentence defendant because the delay was unreasonable.

FACTS
Defendant was indicted by the grand jury of Acadia Parish for first-degree murder of Floyd Sennette. On November 21, 1978, defendant pleaded not guilty to first-degree murder. On August 13, 1979, defendant withdrew his plea of not guilty and entered a plea of guilty to the reduced charge of manslaughter. The trial court deferred sentencing, ordered a pre-sentence investigation and released defendant on bond. No further action was taken *1039 until January 17, 1984, whereupon the trial judge sentenced defendant to serve ten years at hard labor. Within a few days after defendant was sentenced, he filed a motion to vacate the sentence requesting the sentencing court to reconsider its sentence in view of the lapse of time between the plea and the imposition of sentence; defendant also filed a motion to quash the sentence because of the unreasonable delay between the plea and sentencing. The sentencing court denied the motion to quash but vacated the sentence, and re-sentenced defendant to serve six years at hard labor. In re-sentencing defendant, the court commented:
"... I don't know how it happened. I got the pre-sentence investigation report dated JanuaryI mean December 19, 1979. Taking into consideration the Christmas holidays and so forth, it would have been January, 1980, in all probability, before Mr. Milson could have been sentenced. That is a period, as I see it, of four years to this date. So that I don't think Mr. Milson will have any reason or justification for further appeals in this matter.

I am going toI have already vacated the ten year sentence, and I am going to reduce and now sentence him to a period of six years at hard labor with the Department." (Emphasis added.)
On January 20, 1984, defendant filed a notice of intention to seek supervisory writs to annul the sentence, and by separate motion sought appellate review of the trial court's action.
Defendant brings this matter for review as an appeal rather than as a supervisory writ as required by LSA-C.Cr.P. Art. 874. However, because defendant preserved his objection to the imposition of sentence by properly urging a motion to quash, and filed a notice of his intention to seek supervisory writs, we will consider the appeal as an application for supervisory writs and reach the merits accordingly. State v. Givens, 403 So.2d 65 (La.1981); State v. Warner, 369 So.2d 135 (La.1979). In accord see Uniform Rules of the Courts of Appeal, Rule 1-3.

UNREASONABLE DELAY
Article 874 provides:
"Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the supreme court."
It is clear that a defendant is statutorily entitled to the imposition of sentence without unreasonable delay. City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); State v. Johnson, 363 So.2d 458 (La.1978). Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant. State v. Duncan, 396 So.2d 297 (La.1981). In determining whether the delay was unreasonable or prejudicial, the appellate court adopts a flexible approach in which all of the circumstances are evaluated on a case-by-case basis. Duncan, supra; City of Baton Rouge, supra. The sanction for an unreasonable delay in sentencing is the divestiture of the trial court's jurisdiction to sentence the defendant. State v. McQueen, 308 So.2d 752 (La.1975).
The record in the case sub judice reveals a long, unjustified delay without good cause of approximately four and one-half years. The record is void of any evidence that defendant was ever notified of a sentencing date earlier than January 17, 1984, or that defendant concealed his whereabouts from the trial court or the State.
The State argues that the defendant was not prejudiced by the delay in sentencing because the trial court took this into consideration when it re-sentenced and reduced defendant's sentence from ten to six years. We disagree. The reduced sentence did not cure the unreasonable and unjustified delay. Article 874 nor the jurisprudence *1040 holds that a reduced sentence cures an unreasonable and unjustifiable delay. The delay must be for good cause or necessitated because of special circumstances, none of which were present in the instant case. Accordingly, we find that the sentencing delay in the present case was unreasonable; therefore, the trial court erred in overruling defendant's motion to quash the sentence.

DECREE
The ruling of the trial court is reversed and it is divested of jurisdiction to sentence the defendant for this offense; therefore, the sentence imposed on the defendant, Michael Milson, on January 20, 1984, is vacated and the defendant is hereby ordered discharged.
REVERSED.