545 So.2d 717 (1989)
CITY OF WINNFIELD, Appellee,
v.
Joe H. WEEMS, Appellant.
No. 20923-KW.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
Rehearing Denied July 13, 1989.
Rebel G. Ryland, Columbia, for appellant.
William J. Guste, Jr., Atty. Gen., Charles B. Bice, Dist. Atty., Terry R. Reeves, Winnfield City Prosecutor, Winnfield, for appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Defendant Weems was sentenced approximately two years after his conviction for DWI, second offense, was reduced to DWI, first offense, by this court. We granted this supervisory writ to review the delay in sentencing.
On January 9, 1986, defendant was arrested by the Winnfield police chief, assisted by two patrol officers, for his second DWI offense. Weems was a seaman who considered Winnfield his home although he testified he worked out of Brooklyn, New York. Defendant was adjudged guilty on March 5, 1986.
Defendant filed a writ application with this court on October 15, 1986, asking that his conviction of DWI, second offense, be vacated since his DWI, first offense, had been obtained without a valid waiver of counsel. This court reversed his second offense DWI and remanded the matter to the trial court with instructions for that court to enter a conviction of DWI, first offense, and sentence the defendant.
No further activity took place on this matter until a summons was issued some 22 months later to defendant on August 18, 1988, to appear on August 31, 1988, for sentencing. On August 22, 1988, the court received a telephone message from James Walker who stated he picked up the defendant's mail; the defendant was at sea; and the defendant would not return for approximately two months.
The initial hearing was reset three times: from August 31, 1988 to September 28, 1988 (defendant absent); from September 28, 1988 to October 26, 1988 (defendant absent); from October 26, 1988 to November 30, 1988 (defendant absent due to lack of service).
A minute entry reveals the defendant appeared on November 2, 1988 for sentencing *718 and was informed his hearing had been set for November 30, 1988. On that day, the defendant appeared without an attorney and requested a continuance for additional time to obtain an attorney. His appearance in court on November 2, 1988 shows he was aware he would be sentenced on November 30, 1988 and allowed him four weeks to obtain counsel. However, the court granted him an additional three weeks to obtain counsel and the matter was reset for December 21, 1988. On December 21, the defendant once again appeared without an attorney.
At the hearing on December 21, when his counsel did not appear, he was referred to the Indigent Defender Board for an interview for a court appointed attorney and was found ineligible. The defendant then requested the court proceed with sentencing.
Prior to this request, the defendant had made no other attempts to have this matter resolved. Weems had made no objection to the delay in sentencing prior to December 21, 1988, nor did he complain at the hearing. In fact, defendant had been one cause of the delay by being outside the court's jurisdiction in pursuit of his occupation part of the time before November 2, 1988, and by requesting a continuance to obtain counsel at the November 30, 1988 hearing.
The trial court entered a guilty plea to first offense operation of a motor vehicle while under the influence of alcoholic beverages and the court sentenced Weems to serve 60 days in jail, to pay a fine of $300 and to pay all costs of court. Fifty days of the jail term were suspended and the defendant was placed on a one year probation with special conditions of probation.
On January 25, 1989, the defendant enrolled counsel and was granted a thirty day extension of time to make an application for a writ of review or supervisory writ. Upon application for writ the defendant raised, for the first time, the length of delay between the remand by this court in October 1986 and his sentencing for the lesser included offense of DWI, first offense on December 21, 1988. Defendant did not make a motion to quash the sentence at any time, he did not offer any evidence in support of his having made any attempt to effect sentencing prior to the summons issued in August 1988, nor did he offer evidence of prejudice he suffered as a consequence of the delay.
At issue is the delay between the decision rendered by this court on October 31, 1986 and the summons issued by the trial court on August 18, 1988.
La.C.Cr.P. Art. 874 provides:
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the supreme court.
The comments to this article note the "unreasonable delay" standard is influenced by federal jurisprudence. Indefinite postponement of three years sacrificed the trial court's jurisdiction to impose sentence in Mintie v. Biddle, 15 F.2d 931 (8th Cir. 1926), while a delay of two years was not so unreasonable as to divest the court of its jurisdiction to impose sentence in Kaye v. United States, 235 F.2d 187 (6th Cir.1956).
Louisiana courts have recognized that a defendant is statutorily entitled to the imposition of sentence without unreasonable delay. State v. Johnson, 363 So.2d 458 (La.1978); City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); and State v. Milson, 458 So.2d 1037 (La.App. 3d Cir. 1984). Louisiana cases also require an examination of prejudice caused by the delay. State v. Duncan, 396 So.2d 297 (La.1981); State v. Martin, 372 So.2d 563 (La.1979).
The court in Milson, supra, cited State v. Duncan, supra, for the rule that the principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction hearings when the defendant is prejudiced by those delays. In Johnson, supra, the court concluded that since the defendant did not show he was prejudiced by a delay of seven years between conviction and sentencing, the issue of whether or not the delay was unreasonable was unnecessary. In determining whether the delay was unreasonable or *719 prejudicial, all of the circumstances are evaluated on a case-by-case basis, in what has been referred to as a "flexible approach". City of Baton Rouge v. Bourgeois, supra; State v. Milson, supra; State v. Duncan, supra. The sanction for an unreasonable delay and its resulting prejudice to the defendant is the divestiture of the trial court's jurisdiction to impose sentence on the defendant. State v. McQueen, 308 So.2d 752 (La.1975).
In State v. Muse, 367 So.2d 789 (La. 1979), the defendant was sentenced nineteen months after his conviction of simple burglary. During this time, the defendant remained in jail and his counsel filed additional motions that required consideration by the court. The delay in sentencing was not found to be unreasonable. In the instant case, although the defendant did not have additional motions pending, he was free on bond, not in jail.
The comments under La.C.Cr.P. Art. 874 further note that even if a delay is lengthy, courts have displayed a tendency to rule the defendant consented to the delay where he has not moved for sentence nor complained of the delay. The defendant in City of Baton Rouge, supra, pled guilty to the crime of DWI, first offense, and was summoned to be sentenced four years later. The trial court imposed sentence and the defendant immediately made a motion to quash the sentence for an unreasonable delay between conviction and sentencing. The trial court denied the motion to quash. On appeal, the reviewing court reversed the trial court's ruling on the motion to quash.
Weems did not complain of the delay, nor move for his sentence to be quashed. In fact, his occupation as a seaman kept him away from the jurisdiction of the court for months at the time. The telephone call note in the record indicates Weems was at sea for at least two months while the court attempted to call his case for sentencing.
Furthermore, Weems extended the delay, after he appeared on November 2, 1988, when he requested additional time after the November 30, 1988 hearing to obtain counsel.
No complaint, objection, or motion was made when defendant appeared on November 2, 1988; November 20, 1988, or on December 21, 1988. No motion to quash was made; no showing of prejudice suffered by the defendant due to the delay was made. The defendant, himself, requested the delay between November 30, and December 21, 1988. Only after sentencing and a continuance to appeal were writs filed on this issue. Defendant's lack of objection on these occasions, his own requests for continuances that delayed proceedings, and his lack of evidence showing prejudice he suffered as a result of the delay, defeated his claim for unreasonable delay between the date of remand and sentencing.
For these reasons, the sentence is AFFIRMED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., NORRIS, HALL, MARVIN and LINDSAY, JJ.
Rehearing denied.