IzWATKINS, Judge.
Defendant, Alex Williams, was charged by bill of information with simple burglary, a violation of LSA-14:62. Defendant withdrew his initial plea of not guilty and pled guilty to the responsive offense of unauthorized entry of a place of business, a violation of LSA-R.S. 14:62.4. See LSA-C.Cr.P. art. 814(A)(44). The trial court sentenced defendant to imprisonment at hard labor for two years and credited him with time served. Defendant has appealed, urging three assignments of error. Defendant contends that the trial court erred in denying his motions to quash and also requests this court to review for errors patent on the face of the record.
The record shows that the bill of information was filed on July 31, 1990. Defendant was charged with the simple burglary of the Bellemont Hotel in Baton Rouge on February 14, 1990. The minute entries show that on November 2, 1990, defendant pled guilty to the responsive offense of unauthorized entry of a place of business. On that date, the court deferred sentencing until January 21, 1991, and ordered a presentence investigation (PSI). Notice of sentencing was given to defendant in open court, and he was allowed to remain out on bond.
On January 21,1991, the court ordered the matter reassigned to February 4,1991. The record does not indicate that defendant or his counsel appeared in court on January 21, 1991; it also does not indicate whether defen *79 dant had notice of the new date for sentencing. On February 4, 1991, defendant failed to appear when called, evidence was introduced, and the court ordered that a bench warrant be issued for defendant’s arrest. On February 24, 1992, the matter came before the court for defendant to answer to the bench warrant. Defendant was present with counsel. The court ordered the bench warrant recalled, found defendant in contempt of court, and sentenced |ghim to be confined in the East Baton Rouge Parish Prison for six months, giving him credit for time served since he was arrested on the bench warrant. The court deferred sentencing until August 24, 1992; notice was given to defendant and counsel in open court. On August 24, 1992; defendant failed to appear when called. Evidence was introduced and a bench warrant ordered issued for defendant’s arrest. On April 18, 1995, the matter came before the court for defendant to answer to the bench warrant. Defendant was present in court. The court ordered the bench warrant recalled, found defendant in contempt of court, and sentenced him to be confined in East Baton Rouge Parish Prison for six months, giving him credit for time served since he was arrested on the bench warrant. The court ordered the matter be set for sentencing on May 2,1995, and defendant was handed notice in open court.
On May 2, 1995, the court on its own motion ordered the matter be continued until May 10, 1995, and that defendant’s counsel be notified. The minute entry does not indicate defendant was present on May 2, 1995. On May 10,1995, the matter came before the court for sentencing. Defendant was present in court. On motion of defense counsel, the matter was continued until May 24, 1995. Notice was given to defendant and counsel in open court. On May 24,1995, defendant was present in court; defense counsel filed a motion to quash, which the trial court denied. On motion of defense counsel, the court deferred sentencing until June 14, 1995. On June 14, 1995, defense counsel filed a second motion to quash, which the court denied. The court then sentenced defendant to two years at hard labor.
In his first assignment of error, defendant contends that the trial court erred in denying his motion to quash heard on May 24, 1995. Defendant contends the time the State had within |4which to bring him to trial had prescribed under Articles 572(2) and 578(2) of the Louisiana Code of Criminal Procedure.
Article 572 states, in pertinent part,
No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
[[Image here]]
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor; ...
According to Article 578, in pertinent part, “Except as otherwise provided in this Chapter, no trial shall be commenced: ... (2) In other felony cases after two years from the date of institution of the prosecution; ... The offense charged shall determine the applicable limitation.” Prosecution in a district court for an offense not punishable by death or life imprisonment shall be instituted by indictment or information. LSA-C.Cr.P. art. 382(A).
The trial court correctly determined the bill of information showed that the ease was billed on July 31, 1990, and the offense occurred on February 14,1990. Thus, prosecution against defendant was begun with the bill of information, which was filed within six months of the offense and within the time period of Article 572(2).[2] Defendant pled guilty to unauthorized entry of a place of business on November 2, 1990, within a year of the date of the offense and within one year of the institution of prosecution. The court correctly found a motion to quash the indictment for untimely prosecution under Articles 572 and 578 had no merit. We note that the eases referred to in brief by defendant con *80 cerning the State’s failure to institute prosecution within the proper time period under LSA-C.Cr.P. art. 572, State v. Malone, 610 So.2d 148 (La.App.2d Cir.1992), State v. Taylor, 439 So.2d |s 410 (La.1983), and State v. Nations, 420 So.2d 967 (La.1982), are not applicable. Defendant’s first assignment of error is without merit.
In his second assignment of error, defendant contends the trial court erred in denying his motion to quash heard on June 14, 1995. In the second motion to quash, defendant alleged an unreasonable delay had elapsed in the imposition of sentence, citing LSA-C.Cr.P. art. 874. Defendant in brief contends the State did not present any evidence concerning its efforts to enforce the bench warrants and that the State had the burden to do so. Furthermore, defendant alleges the court should have sentenced defendant upon recalling the first bench warrant.
This issue is governed by principles of due process and not by a defendant’s right to a speedy trial guaranteed by U.S. Const. amend. VI and La. Const. Art. I, § 16. State v. Duncan, 396 So.2d 297, 299 (La.1981). Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as imposition of sentence, when the delays cause prejudice to the defendant. Duncan, 396 So.2d at 299.
A defendant is statutorily entitled to the imposition of sentence “without unreasonable delay” and the sanction for noncompliance is divestiture of the trial court’s sentencing jurisdiction, since LSA-C.Cr.P. art. 874 states only that “[s]entence shall be imposed without unreasonable delay” and that a defendant can seek supervisory review if sentence is unreasonably delayed. State v. McQueen, 308 So.2d 752 (La.1975); LSA-C.Cr.P. art. 874. What constitutes an “unreasonable | (¡delay” is determined on a flexible case-by-case basis. City of Baton Rouge v. Bourgeois, 380 So.2d 63, 64 (La.1980).
Defendant had notice of the original sentencing date, but the record does not reflect that defendant appeared in court on that date. According to the trial judge, in the reasons for denying defendant’s second motion to quash, January 21, 1991, was a court holiday and the case had been set in error.[3] While the record does not show whether defendant had notice of the date to which the sentencing was reassigned, the judge stated that there was a notation in the file that notice was to be sent to defendant and his counsel of the resetting of sentencing to February 4,1991. Furthermore, the record does show that, when the sentencing was reassigned a second time, following defendant’s arrest on a bench warrant, defendant was notified of the new sentencing date. The trial judge in her reasons commented that defendant clearly knew he was to appear in court for sentencing on August 24, 1992, because he received personal notice and previously had been found in contempt of court for failing to appear for sentencing. Defendant failed to appear on August 24,1992, and a second bench warrant was issued. Defendant did not answer to the bench warrant for another two and a half years. When defendant did answer, the sentencing was reset and he received notice of the new date. On that date, because defendant was not present, the court reset the sentencing to a later date. Defendant was present on the new date, but his counsel moved for a continuance. On the rescheduled sentencing date, defendant’s counsel filed a motion to quash; once it was denied, counsel requested that sentencing be deferred. On that new date, defendant was sentenced. During the time |7between his plea of guilty and the sentencing, defendant was free on bond. At no time did defendant, who was represented by counsel throughout this matter, move for sentencing. In all but one instance of rescheduling of the sentencing date, defendant was notified of the new sentencing dates, but failed to *81 appear. Twice, the court rescheduled the sentencing on motion of defendant’s counsel. Under the circumstances of this case, the delay was not unreasonable. Furthermore, the record does not reflect prejudice to defendant from the delay.
We find the cases of State v. Milson, 458 So.2d 1037 (La.App. 3d Cir.1984), and State v. Davis, 542 So.2d 856 (La.App. 3d Cir.1989), relied upon by defendant, to be distinguishable because the facts of each ease revealed no justification for the delay in sentencing. In Milson, the defendant pled guilty on August 13, 1979, and the court deferred sentencing without setting a sentencing date. The court ordered a PSI and released defendant on bond. No further action was taken until January 17, 1984, when the court sentenced defendant to serve ten years at hard labor. The court granted defendant’s motion to vacate the sentence and resentenced defendant to six years at hard labor, finding that defendant could have been sentenced four years earlier than he actually was, thereby reducing the sentence by four years. State v. Milson, 458 So.2d at 1038-1039. In vacating the sentence, the Third Circuit Court of Appeal stated that the record was void of any evidence the defendant was ever notified of a sentencing date earlier than January 17, 1984, or that defendant concealed his whereabouts from the trial court or the State. Id. at 1039. In Davis, the court found the record did not reflect any factors justifying a three year and nine month delay between conviction and sentence. Davis, |g542 So.2d at 857. Therefore, defendant’s second assignment of error is without merit.
In his third assignment of error, defendant raises the issue of patent errors. This is unnecessary as this court routinely reviews the record for patent error. See LSA-C.Cr.P. art. 920(2). A careful inspection of the record discloses no patent error. Therefore, defendant’s third assignment of error has no merit.
For these reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor [LSA-R.S. 14:2(4) and LSA-C.Cr.P. art. 933(3)]; and an offender may be sentenced to imprisonment at hard labor for simple burglary. LSA-R.S. 14:62.

. January 21, 1991 was the third Monday in January. According to LSA-R.S. 1:55(A)(1), the third Monday in January is a legal holiday.
We also note that three different judges handled this case. One judge handled the case from its beginning until January 21, 1991. Then, another judge handled it until April, 1995, at which time a third judge handled the case.