| THIBODEAUX, Judge.
Venton Hancock pled guilty to a drug charge in St. Martin Parish on March 14, 1989. In exchange for assisting the authorities with other drug cases, he was given probation. In 1989, he was arrested on a warrant in Missouri, at which time he fought extradition to Louisiana. In 1990, he pled guilty to a federal drug charge and was sentenced to eight years in federal prison.
*551 12United States Bureau of Prisons twice notified the St. Martin Parish District Attorney’s Office of Mr. Hancock’s location, both in 1990 and 1991. Although a detain-er was placed on Mr. Hancock, St. Martin Parish District Attorney’s Office did not attempt to schedule him for sentencing on the 1989 drag conviction. In September 1998, Mr. Hancock moved for a dismissal of the 1989 drug charge. The following month, the St. Martin Parish District Attorney’s Office requested the Federal Bureau of Prisons release Mr. Hancock to St. Martin Parish for sentencing on the 1989 conviction. The trial court set a sentencing date of November 17, 1998 and held that Mr. Hancock’s motion to dismiss was moot because a date had been set. After being transported to St. Martin Parish and receiving appointed counsel, Mr. Hancock was sentenced to eight years at hard labor.
Mr. Hancock now appeals his sentence asserting that the nearly ten year delay between his guilty plea and sentencing was unreasonable and prejudicial and that his sentence was excessive.
We find that, under the facts of this case, the eight year delay from the United States Bureau of Prisons’ notifying the St. Martin Parish District Attorney’s Office of the Defendant’s incarceration to sentencing, without justification, was unreasonable and prejudicial. We, therefore, reverse.
Í.

FACTS

Venton Hancock pled guilty on March 14, 1989 to conspiracy to possess cocaine in excess of 200 grams but less than 400 grams in St. Martin Parish, Louisiana. The State dismissed other charges against the Defendant in exchange for his guilty plea and his promise to work with the Ascension Parish District Attorney’s Office on other drug cases. After his plea, the Defendant was released on bond and | -¡commenced working with the authorities on other drug cases. In 1989, Mr. Hancock was arrested in Missouri on a warrant and fought extradition to Louisiana. In April 1990, he pled guilty to a federal charge of possession with intent to distribute 222.6 grams of methamphetamine and was sentenced to ten years in federal prison.
On October 10, 1990, the United States Bureau of Prisons, aware that Mr. Hancock had not been sentenced on his guilty plea in "St. Martin Parish, sent a Detainer Action Letter to the St. Martin Parish District Attorney’s Office containing information regarding Mr. Hancock’s location and inquiring whether they wished to lodge a detainer against him. The St. Martin Parish District Attorney’s Office did not respond. The United States Bureau of Prisons sent a second notice in April 1991, which, again, received no response. The record indicates that the State of Louisiana placed a detainer on Mr. Hancock on January 22, 1998.
In September 1998, Mr. Hancock filed a pro se Motion to Dismiss the 1989 conviction in the District Court in St. Martin Parish, contending that the detainer prevented his release from federal prison to a half-way house. The following month, eight years after receiving notice of Mr. Hancock’s whereabouts, the St. Martin Parish District Attorney’s Office filed a Motion and Order for Writ of Habeas Corpus ad Prosequendum directed to the Federal Bureau of Prisons requiring it to release Mr. Hancock to St. Martin Parish for sentencing on the 1989 conviction. The trial court set a sentencing date for November 16, 1998 and found that the Defendant’s motion for dismissal was “moot” since a sentencing date had been set.
Mr. Hancock was transported to St. Martin Parish and an attorney was appointed to represent him. On November 17, 1998, he was sentenced to eight years at hard labor on the guilty plea he had entered in 1989. Mr. Hancock filed a Motion to Reconsider and, Alternatively, to Quash Sentence on the grounds that the sentence | ¿was excessive and that the delay *552 in sentencing was unreasonable and prejudicial. The trial court denied the motion and Mr. Hancock brought this appeal.
II.

LAW AND DISCUSSION

Defendants are entitled to prompt sentencing without unreasonable delay. La. Code Crim.P. art. 874. The law and jurisprudence governing unreasonable sentencing delays were set forth by this court in State v. Milson, 458 So.2d 1037, 1039 (La.App. 3 Cir.1984):
It is clear that a defendant is statutorily entitled to the imposition of sentence without unreasonable delay. City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); State v. Johnson, 363 So.2d 458 (La.1978). Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant. State v. Duncan, 396 So.2d 297 (La.1981). In determining whether the delay was unreasonable or prejudicial, the appellate court adopts a flexible approach in which all of the circumstances are evaluated on a case-by-case basis. Duncan, supra; City of Baton Rouge, supra. The sanction for an unreasonable delay in sentencing is the divestiture of the trial court’s jurisdiction to sentence the defendant. State v. McQueen, 308 So.2d 752 (La.1975).
Unreasonable Delay
As his first assignment of error, the Defendant argues that the nearly ten year delay between his guilty plea on March 14, 1989 and his sentencing on November 17, 1998 was unreasonable.
A delay is reasonable and justified when it is for good cause or necessitated because of special circumstances. State v. Milson, 458 So.2d 1037 (La.App. 3 Cir.1984). The reasonableness of delay in sentencing is determined by several factors, including: whether the petitioner was notified of a sentencing date; 1 .¡whether the defendant requested a delay; whether the defendant was available to state authorities; whether the defendant concealed his whereabouts from the State; whether the defendant failed to avail himself of the right to expedite sentencing; whether the State neglected to pursue sentencing; whether there was a compelling reason for immediate sentencing; and whether there existed the potential for prejudice to defendant by delay. See City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980); State v. Duncan, 396 So.2d 297 (La.1981).
This Court has held that a substantial delay between conviction and sentencing is unreasonable where the record does not reflect factors justifying the delay. State v. Quinney, 543 So.2d 1050 (La.App. 3 Cir.), unit denied, 545 So.2d 1040 (La.1989) (delay of thirteen years unjustified by record); State v. Davis, 542 So.2d 856 (La.App. 3 Cir.1989) (delay of three years and nine months unreasonable “in and of itself’ without justification).
This court addressed the reasonableness of a sentencing delay in State v. Dorsey, 95-1084 (La.App. 3 Cir. 3/20/96); 672 So.2d 188, writ denied, 96-0994 (La.9/27/96); 679 So.2d 1359. There, we concluded that a delay between entry of a guilty plea and sentencing of four years was neither unreasonable nor prejudicial. Factors present in that case justified the delay: the defendant twice failed to appear for sentencing and when he did appear, he requested a delay because his preferred attorney was not present. The court found that the delay was justified in that it was caused by the defendant.
In State v. McCoy, 586 So.2d 697 (La.App. 3 Cir.1991), this court held that a six month delay between the defendant’s release from prison in another state to his sentencing was not unreasonable. The defendant was arrested and advised to ap *553 pear for sentencing once he was located by his bondsman. The court found that |fialthough there was a four year delay between the defendant’s conviction and his sentencing, the pertinent delay was from his release to sentencing and there was no prejudice to the defendant by the delay.
The McCoy case is distinguishable from the present case. Here, we find that under these facts, the genesis of the delay is the Defendant’s conviction, not his release from prison on a subsequent charge. The Defendant was convicted in 1989 and was not sentenced until 1998. Although the Defendant caused a one year delay in sentencing by relocating to Missouri and opposing extradition to Louisiana, the remainder of the delay is attributable to the State’s unjustified procrastination. The State was informed of the Defendant’s location and availability for sentencing in 1990, yet waited for eight years before initiating sentencing, and then only acted in response to the Defendant’s motion for dismissal of the prosecution. Moreover, as discussed below, the Defendant suffered prejudice by the delay.
The record shows that the Defendant precipitated a portion of the delay by moving to Missouri and opposing extradition. However, the impediment to sentencing attributable to the Defendant ceased once he was incarcerated in federal prison and could no longer hinder the State’s sentencing efforts. Once the State was informed by the Bureau of Prisons of the Defendant’s location and availability for sentencing, fault for the delay in sentencing shifted to the State. There is no indication that the defendant was ever notified of a sentencing date prior to filing a Motion to Dismiss based on the delay. Nothing in the record indicates that the defendant attempted to conceal his location from the State; rather, it is clear that because the Federal Bureau of Prisons twice sent notice of detainer letters to the State, the State was absolutely certain of the defendant’s location during his incarceration. The record is void of any factors justifying the eight year delay ^between the time the State was notified of the Defendant’s incarceration in federal prison to the sentencing date. Thus, the Defendant’s assignment of error is meritorious and the eight year delay in sentencing was unreasonable.
Excessive Sentence & Prejudice Caused By Delay
As his second assignment of error, the Defendant contends that the delay in sentencing was prejudicial for two reasons: first, the sentence was excessive and prejudicial because it was not made to run concurrent with and he was not given credit for his federal sentence; and second, the detainer placed against him because of the 1989 conviction precluded his eligibility for parole from federal prison to a half-way house.
We first consider whether Mr. Hancock’s sentence was excessive. He argues that his sentence to eight years at hard labor was excessive because he did not receive a credit for the time he served in federal prison and because his sentence on the 1989 conviction was not made to run concurrently with the federal sentence.
Although the Louisiana Supreme Court has required trial courts to award credit for time served in out-of-state institutions when the prisoner’s incarceration was caused by a detainer issued by this state, a defendant is not entitled to a credit where the out-of-state confinement was caused by his conviction on a federal offense. State v. Duncan, 396 So.2d 297 (La.1981). Speaking on this issue, the Louisiana Supreme Court articulated:
Generally, credit for time spent while serving a sentence under a conviction in one jurisdiction will not be allowed against a sentence upon another conviction in a second jurisdiction. The basic reasoning behind this rule is that each jurisdiction’s punishment must be separately satisfied by custodial confinement of the violator.
*554 Jennings v. Hunt, 272 So.2d 333, 334 (La.1973) (citations omitted).
In State v. Bernard, 97-362 (La.App. 3 Cir. 10/8/97); 702 So.2d 876, writ denied, 97-2834 (La.4/3/98); 717 So.2d 229, this court addressed whether the trial court abused its discretion in ordering the defendant’s sentence to run consecutively to rather than concurrent with his federal sentence. The court noted that the trial court ordered to sentences the run consecutively because the sale of cocaine for which the defendant was serving federal charges occurred while the defendant was awaiting sentencing on his Louisiana charges. This court found the sentence was not excessive and also that the trial court did not abuse its discretion in ordering the sentences to run consecutively.
On November 17, 1998, the trial court in the present case sentenced the Defendant to eight years at hard labor, to run consecutively to any other sentence the Defendant may have. We find that since the Defendant was entitled to neither a concurrent sentence nor credit for time served on a subsequent, unrelated conviction, the sentence was not excessive.
We next consider whether the Defendant was prejudiced by the delay. The mere passage of time while a defendant is serving a subsequent sentence does not automatically render a delay unreasonable or prejudicial; rather, the defendant must show that he was prejudiced by the delay. State v. Duncan, 396 So.2d 297 (La.1981). The state is not required to seek a prisoner’s return for action on pending charges except where necessary to prevent real prejudice to the prisoner. See State ex rel. George v. Hunt, 327 So.2d 375 (La.1976).
Here, the Defendant brought forth evidence to show harm caused by the delay in sentencing. To the extent that the de-tainer placed against the Defendant while in federal prison because of the 1989 conviction prevented his eligibility for | flparole to a half-way house, the Defendant suffered prejudice because of the delay in sentencing.
III.

CONCLUSION

The record in this case discloses an extreme delay of eight years without just cause. Federal authorities indicated as early as October 1990 a willingness to transfer the Defendant to Louisiana for sentencing on the 1989 conviction. We find that under these facts, the eight year delay between the time the State was informed of the defendant’s incarceration in federal prison and his sentencing in St. Martin Parish, without justification, was unreasonable, and that the defendant suffered prejudice as a result of the delay. The trial court erred in refusing to quash and dismiss the prosecution due to the unreasonable delay. The judgment of the trial court is hereby reversed and it is divested of jurisdiction to sentence relator for the offense. The sentence imposed is vacated and set aside and the defendant is ordered discharged.
REVERSED. SENTENCE VACATED AND SET ASIDE. DEFENDANT IS ORDERED DISCHARGED.