STEWART, J.
 

 | Appealing his sentence of 10 years at hard labor for armed robbery, the defendant, Duncan E. Hicks, argues that it should be reversed due to unreasonable delay from the time of his guilty plea to the sentencing and excessiveness. Finding no merit to his arguments, we affirm.
 

 FACTS
 

 On October 3, 1997, the defendant and three accomplices robbed the Central Bank in Monroe, Louisiana.
 
 [1]
 
 The defendant was charged with armed robbery and pled guilty as charged on September 25, 1998. The plea agreement provided for a sentencing cap of 20 years. Before he could be sentenced, the defendant escaped. A warrant was issued for his arrest on January 20, 1999, and he was entered in the National Crime Information Center (“NCIC”) database. A warrant report of the Ouachita Parish Sheriff’s Office states that the district attorney would extradite the defendant once found.
 

 Soon after his escape, the defendant was involved in another bank robbery and arrested in Nashville, Tennessee on January 27, 1999. He was subsequently sentenced to 10 years in federal prison. The Ouachi-ta Parish Sheriffs Office received detainer action letters from the Federal Bureau of Prisons on May 8, 2000, May 21, 2003, and June 2, 2003, stating where the defendant
 
 *1083
 
 was being housed and his projected release date. The defendant wrote to the Fourth Judicial District Court in May 2004, complaining of “insufficient counseling” and requesting appointment of a public defender. |gHe wrote again in April 2005, making the same request and advising that he was trying to get concurrent sentences. A response in May 2005, from Judge Benjamin Jones informed the defendant that his information was being provided to the district attorney.
 

 No action was taken to sentence the defendant until his release from federal prison in October 2008, when he was transferred to Louisiana. Sentencing occurred on December 10, 2008. The district court imposed a sentence of 10 years at hard labor without the benefits of probation, parole, or suspension of sentence. The defendant was given credit for time served prior to his escape, and the state did not pursue the escape charge.
 

 Asserting an unreasonable delay in sentencing and excessiveness of the sentence, the defendant filed motions to quash and to reconsider the sentence. After initially denying the motions, the district court granted a hearing but ultimately denied the motions upon finding that the delay in sentencing was neither unreasonable nor prejudicial to the defendant. The defendant now appeals.
 

 DISCUSSION
 

 Delay in Sentencing
 

 The defendant argues that the delay in sentencing was unreasonable, unjustified and prejudicial considering that he was available for sentencing from the date of his arrest in Tennessee on January 27, 1999. He asserts that he did not conceal his whereabouts and even wrote to Ouachita Parish officials to seek disposition of his case. He also claims that he was prejudiced by the detainer placed on him by the state, which caused him to | sbe ineligible for community confinement while in federal prison and to be deprived of having his federal and state sentences run concurrently.
 

 La. C. Cr. P. art. 874 states:
 

 Sentences shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.
 

 Even when a delay in sentencing may be unreasonable, the defendant is not entitled to have his conviction and sentence set aside unless he has been prejudiced by the delay. La. C. Cr. P. art. 921;
 
 State v. Johnson,
 
 363 So.2d 458 (La.1978);
 
 City of Winnfield v. Weems,
 
 545 So.2d 717 (La.App. 2d Cir.1989),
 
 writ denied,
 
 551 So.2d 1319 (La.1989). The mere passage of time while a defendant is serving a subsequent sentence does not automatically render a delay unreasonable or prejudicial.
 
 State v. Hancock,
 
 1999-293 (La.App. 3d Cir.11/24/99), 748 So.2d 549. Rather, the burden is on the defendant to prove he was prejudiced by the delay.
 
 Id.
 

 In order to determine whether a delay was unreasonable or prejudicial, a flexible approach is used in which all the circumstances are evaluated on a case-by-case basis.
 
 State v. Duncan,
 
 396 So.2d 297 (La.1981);
 
 City of Baton Rouge v. Bourgeois,
 
 380 So.2d 63 (La.1980).
 

 The record shows that the defendant pled guilty on September 25,1998, but was not sentenced until December 10, 2008. The delay was in part caused by the defendant escaping from jail in Ouachita Parish and then committing another bank robbery and being arrested in Tennessee. However, the state had notice of his whereabouts possibly as early as his arrest in Tennessee on January 27, 1999, and certainly as early as May 2000, |4 through a detainer
 
 *1084
 
 action notice from the U.S. Bureau of Prisons. The defendant also wrote letters in May 2004, and April 2005, seeking appointment of counsel and sentencing. Yet no attempt was made by the state to initiate sentencing until the defendant’s release from federal prison in 2008.
 

 Even if we consider this delay of approximately 10 years, though partly the fault of the defendant, to be unreasonable on the facts of this matter, an unreasonable delay in sentencing does not justify reversal of the conviction and sentence unless the defendant was prejudiced by the delay. The defendant argues that he was prejudiced because the detainer placed on him, in lieu of bringing him back for sentencing, caused him to receive a higher security designation which made him ineligible for a community placement. In
 
 Hancock, supra,
 
 the third circuit concluded that the defendant was prejudiced by an eight-year delay in sentencing because the detainer placed against him while in federal prison prevented him from being eligible for parole to a halfway house. The defendant relies on
 
 Hancock, supra,
 
 and a letter from Candace Girouard, a federal employee with the Dallas Community Corrections Office, stating that her office “will not place inmates in a Residential Re-entry Center if he/she has unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.” The defendant also argues that he was prejudiced because he did not have the opportunity to have his federal and state sentences run concurrently.
 

 | Neither the defendant’s evidence nor arguments about the potential prejudice that may have resulted from the delay in sentencing prove that he suffered any actual prejudice. The defendant offered no evidence of what his security designation would have been if he had been sentenced earlier on the armed robbery charge in Louisiana. There is no evidence that this defendant, an escapee found guilty of two armed robberies, would have been given a lower security designation in the absence of a detainer or if he had been sentenced sooner by the state. We are not persuaded to follow the third circuit’s finding of prejudice in
 
 Hancock, supra.
 

 With regard to the possibility of concurrent sentences, this is merely conjecture by the defendant rather than proof of prejudice. While there may have been the possibility of having the federal and state sentences run concurrently, neither the federal court nor the state district court would have been required to order its sentence to run concurrently with the other. See 18 U.S.C. § 3584 and La. C. Cr. P. art. 883.1.
 
 [2]
 

 The defendant has not met the burden of proving that he was prejudiced by the delay of approximately 10 years between his plea and the sentencing. Thus, reversal of his conviction and sentence is not warranted.
 

 |
 
 zExcessiveness of Sentence
 

 The defendant also argues that his sentence of 10 years at hard labor is excessive. However, the sentence was imposed
 
 *1085
 
 in conformity with an agreed upon sentencing cap of 20 years.
 

 Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved. La. C. Cr. P. art. 881.2(A)(2). Moreover, there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Fizer,
 
 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243;
 
 State v. Bailey,
 
 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116,
 
 writ denied,
 
 2006-0462 (La.9/22/06), 937 So.2d 377.
 

 The record shows that the trial court advised the defendant of the time limits for an appeal immediately after sentencing him. However, the transcript of the plea colloquy shows that at the time of the plea the trial court specifically advised the defendant that by pleading guilty with a sentencing cap he would be giving up his right to appeal. The record shows that the defendant did not reserve the right to appeal his sentence as part of the plea agreement.
 
 See State v. Young,
 
 1996-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Taylor,
 
 44,205 (La.App.2d Cir.5/13/09), 12 So.3d 482. Thus, the defendant’s sentence imposed in conformity with the plea agreement is not appealable.
 

 Moreover, even if reviewed for ex-cessiveness, the sentence of 10 years would not be considered excessive under the facts of this case. The | defendant traveled from California to Louisiana where he engaged in a bank robbery. The commission of the armed robbery endangered lives and terrified the bank employees and customers present during the robbery. The defendant faced a maximum of 20 years at hard labor under his plea agreement, which gave him the great benefit of avoiding exposure to the statutory maximum of 99 years at hard labor. La. R.S. 14:64(B). A sentence of 10 years at hard labor, which is now the statutory minimum for armed robbery, does not shock the sense of justice or constitute a needless infliction of pain and suffering on the defendant.
 
 See State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. Though the trial judge was not required to do so in light of the sentencing cap, he did consider La. C. Cr. P. art. 894.1 and addressed the factors he weighed in imposing the sentence. The trial judge clearly did not abuse his discretion in sentencing this defendant. We find no merit to the argument that the sentence is excessive.
 

 CONCLUSION
 

 For the reasons stated, the defendant’s conviction for armed robbery and sentence of 10 years at hard labor without the benefits of probation, parole, or suspension of sentence and with credit for time served prior to the escape is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . For additional facts relating to the armed robbery, see
 
 State v. Roddy,
 
 33,112 (La.App.2d Cir.4/7/00), 756 So.2d 1272,
 
 writ denied,
 
 2000-1427 (La.5/11/01), 791 So.2d 1288, affirming the conviction of co-defendant John P. Roddy.
 

 [2]
 

 . Both provisions make clear that the sentencing court has discretion in imposing concurrent sentences. As staled in IS U.S.C. § 3584, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.” The article makes clear that a term of imprisonment imposed on a defendant who is already subject to an undischarged term of imprisonment may run concurrently or consecutively. La. C. Cr. P. art. 883.1 provides that the court may specify whether "the sentence imposed may be served concurrently with a sentence imposed by a federal court ... and that service of the concurrent terms of imprisonment in a federal correctional institution ... shall be in satisfaction of the sentence imposed in this state....”