WICKER, J.,
dissents and assigns reasons.
|TI respectfully dissent for the reasons assigned.
Mr. Davis was adjudicated a fourth felony offender on June 18, 1996, and sentenced to 90 years imprisonment. This Court affirmed the multiple offender conviction and remanded the case for resen-tencing only. Thirteen years later, the trial court acted on this Court’s resentenc-ing order and resentenced Mr. Davis to 35 years imprisonment. By that time, however, Mr. Davis had already completed the sentence on the underlying conviction.
While there is no bright-line rule to determine when the imposition of a sentence has been unreasonably delayed, principles of due process prohibit inordinate delays in post-conviction imposition of sentence when the delay causes prejudice to the defendant. State v. Duncan, 396 So.2d 297, 299 (La.1981).
In my view, thirteen years constitutes an unreasonable length of time to hold a defendant in incarceration without imposition of sentence. Even more bothersome is the fact that once Mr. Davis completed the twelve-year sentence on the underlying offense, he remained incarcerated for one year before he was sentenced on the multiple-bill. Such a delay, without any justification, is unreasonable. The sanction for unreasonable delay in sentencing is divestiture of the trial court’s sentencing jurisdiction. City of Baton Rouge v. Bourgeois, 380 So.2d 63, 64 (La.1980) (per curiam). Thus, |⅞⅛ my view, the trial court lacked authority to sentence Mr. Davis on October 18, 2010, and he should, therefore, be released from the custody of the Department of Corrections.