420 So.2d 967 (1982)
STATE of Louisiana
v.
Thomas NATIONS.
No. 82-K-1315.
Supreme Court of Louisiana.
October 18, 1982.
Anthony J. Marabella, Jr., Leo J. D'Aubin, Baton Rouge, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Louis Daniel, Asst. Dist. Attys., for respondent.
PER CURIAM.
Under article 578 of the Code of Criminal Procedure the state has one year from the institution of prosecution to bring a misdemeanor case to trial. This period of limitation is interrupted under certain, narrowly defined, circumstances, including when the defendant absents himself from his usual place of abode within the state, with the purpose of avoiding detection, apprehension, or prosecution. C.Cr.P. 579. The state bears a heavy burden of showing that it is excused from trying an accused on a charge later than the period mandated by article 578. State v. Guidry, 395 So.2d 764 (La.1981); State v. DeVito, 391 So.2d 813 (La.1980); State v. Driever, 347 So.2d 1132 (La.1977).
In the present case, the period of limitation elapsed and the state clearly failed to carry its heavy burden of showing the existence of circumstances amounting to an interruption under Art. 579. The state filed a bill of information against the defendant in December, 1980, but did not bring him to trial before April, 1982, when the defendant moved to quash the charges against him. In April, 1981, a representative of the sheriff's office attempted to serve the defendant with notice of arraignment, but did not complete the service because the defendant had moved to a new address. During the fourteen month period between the filing of the information and the motion to quash, the defendant was employed by Petroleum Service, the same employer as on the date of his arrest. The *968 employer's name and address was given to the bonding company and to the court, and appeared on the face of the bond itself. During this time interval, the defendant remained a resident of Baton Rouge. Although he did change apartments on two occasions, he notified his bonding company of each move and completed a change of address form with the United States Postal Service. Additionally, his telephone number was always correctly listed with directory assistance. This evidence does not warrant a finding that the defendant absented himself from his usual place of abode within the state with the purpose of avoiding detection, apprehension or prosecution.
Accordingly, the ruling of the trial court to the contrary must be reversed and defendant's motion to quash must be granted.
REVERSED; MOTION TO QUASH GRANTED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
On April 6, 1981, slightly over three months after the filing of the bill of information, the prosecution set this case for arraignment, and the sheriff attempted unsuccessfully to serve defendant at the address that defendant had provided to the court at the time of his arrest. When defendant failed to appear for the arraignment, a bench warrant was issued for his arrest.
On March 18, 1982, defendant was arrested for an unrelated traffic violation, and the outstanding warrant was discovered in the computer check following the arrest. His trial on the offenses was set shortly thereafter, within one year of the date of the arraignment at which defendant had failed to appear.
C.Cr.P. Art. 578 provides for a one-year period of prescription for commencement of trial after the date of institution of prosecution. However, Article 579 provides that the period of prescription is interrupted when the proceedings are delayed for "any... cause beyond the control of the state." Since prescriptive statutes should be strictly construed against the parties who are benefiting by the running of prescription and in favor of the party whose rights are being lost by prescription, the court should liberally construe the article in favor of interruption.[1] When the prosecution, acting in good faith, schedules an arraignment (or a trial date) well within the prescriptive period (and within the limits presented by C.Cr.P. Art. 701) and attempts service on defendant at the last known address provided by the defendant, the failure to hold the arraignment should be deemed a cause "beyond the control of the state", which serves to interrupt prescription on the period for commencing the trial.[2] I believe that Article 579 can reasonably be construed as providing for such a result, because that is as much as can reasonably be required of the state.
NOTES
[1] I disagree that the state should have "a heavy burden" to prove prescription has not been interrupted. The question is more one of statutory interpretation, and prescription statutes should be strictly construed against the party who pleads prescription.
[2] I would hold that the prescriptive period begins to run anew after the scheduled arraignment date (unless the defendant is truly a "fugitive"). A holding that the defendant's failure to appear constitutes an interruption beyond the control of the state prevents the defendant from unjustly benefiting from his failure to give the state reasonable notice of his change of address and permits the state a reasonable period of additional time within which to comply with the mandates of C.Cr.P. Arts. 578 and 701.