hWILLIAMS, Judge.
The defendants, Claryene Mack and Henry Mack, were each charged by bill of information with two counts of felony theft, a violation of LSA-R.S. 14:67. Prior to trial, the defendants filed a motion to quash the bill of information, alleging that the time period in which to commence trial had expired. The district court granted defendants’ motion to quash. The state appeals. For the following reasons, we reverse and remand.
FACTS
In June 1992, the defendants, Henry and Claryene Mack, applied for food stamps and aid to families with dependent children (AFDC) at the Louisiana Office of Family *138 Support in Ouachita Parish. At the time, defendants stated that they did not have any income and that their three children were living in the household. Based on these statements, the defendants were determined eligible to receive food stamps and AFDC for the period from June through November 1992. The defendants applied to renew the aid on two other occasions.
Subsequently, an investigator in the fraud and recovery section of the Office of Family Support learned that contrary to their previous representations, both of the defendants became employed during the period in which they were receiving benefits. However, the defendants failed to report all of their income as required by state regulations. As a result, defendants received benefits for which they were not eligible.
On November 15, 1994, each defendant was charged by bill of information with two counts of felony theft and arrest warrants were issued the next day. However, the defendants were not arrested until October 1995. The court minutes indicate that defendants first appeared in court in connection with the charges in November 1995. At that time, defendants were advised of their right to counsel 12and were referred to the indigent defender board. On December 18, 1995, defendants were present in court, without counsel, and were ordered to appear for arraignment on January 10, 1996. The defendants failed to appear as ordered and bench warrants were issued for their arrest.
One week later, January 17, 1996, the defendants appeared in court and were represented by counsel. A date was set for arraignment, at which the defendants entered pleas of not guilty. The defendants appeared in court approximately thirteen times between February 28, 1996 and September 15, 1997. On each of these occasions, the defendants’ cases were continued to the next date. However, the record does not indicate which party requested the continuances.
On May 14, 1997, the defendants filed a motion to quash the bill of information. On September 15,1997, the district court considered and granted the defendants’ motion, finding that the statutory time period in which to begin trial had not been interrupted or suspended, and dismissing the charges against defendants. The state appeals.
DISCUSSION
The state contends that the district court erred in granting defendants’ motion to quash the bill of information. The state argues that the limitation period in which to commence trial was interrupted by the defendants’ failure to appear on January 10, 1996, and thus had not expired when the defendants filed their motion to quash.
In general, for non-capital felony cases, the state must commence trial within two years from the date of institution of the prosecution. LSA-C.Cr.P. art. 578(2); State v. Harris, 29,574 (La.App.2d Cir. 5/7/97), 694 So.2d 626. The purpose of Article 578 is to enforce the accused’s right to a speedy trial after thejjinitiation of the prosecution and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284; State v. Barley, 29,482 (La.App.2d Cir. 6/18/97), 698 So.2d 36. Prosecution is instituted by the filing of an indictment or bill of information. LSA-C.Cr.P. art. 382.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. When the defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, supra; State v. Caston, 26,415 (La.App.2d Cir. 10/26/94), 645 So.2d 1202.
The period of limitation established by Article 578 is interrupted when the defendant cannot be tried because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state, or when the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. LSA-C.Cr.P. art. 579 A. Once the cause of interruption no longer exists, the two-year time limit begins anew. LSA-C.Cr.P. art. 579 B.
*139 In the present case, the prosecution was instituted on November 14, 1994, with the filing of the bill of information charging defendants with felony theft. Ordinarily, the state would have two years, or until November 15, 1996, to bring the defendants to trial. However, defendants failed to appear for their scheduled arraignment on January 10, 1996, and bench warrants were issued. A bench warrant is sufficient cause to interrupt the Article 578 limitation period. State v. Malone, 610 So.2d 148 (La.App. 2d Cir.1992). The defendants appeared in court on January 17, 1996, and the bench warrants were recalled.
In granting the motion to quash, the district judge found that the ^defendants’ failure to appear for arraignment on January 10, 1996, and their subsequent appearance on January 17, resulted in “a period of suspension of seven days.” However, based upon this record, we conclude that the district court incorrectly characterized the defendants’ nonappearanee as a suspension of prescription. The court minutes indicate that defendants were present in court when the arraignment was scheduled for January 10, 1996, but did not appear on that date.
Thus, pursuant to the express provisions of Article 579, the defendants’ failure to appear in court, despite actual notice of the proceeding, constitutes an interruption of the statutory time limitation. The two-year time limit began to run anew on January 17, 1996, when the defendants appeared in court. As a result, the state was required to bring the matter to trial by January 17, 1998. The defendants’ motion to quash was filed on May 14, 1997, approximately eight months before this limitation period expired. Consequently, the trial court erred in granting the defendants’ motion to quash.
LSA-C.Cr.P. art. 580 provides that when a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial. Here, the district court ruled on the motion to quash on September 15, 1997. Accordingly, the state has until September 15,1998 to commence trial. State v. Hamilton, 369 So.2d 1299 (La.1979).
The trial court’s judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before NORRIS, BROWN, WILLIAMS, GASKINS and CARAWAY, JJ.
Rehearing denied.