720 So.2d 103 (1998)
STATE of Louisiana, Appellee,
v.
Billy Ray KING, Defendant-Appellant.
No. 98-446.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*104 Charles F. Wagner, Dist. Atty., James M. Buck, Alexandria, for State.
J. Albert Ellis, John Michael Lawrence, Shreveport, for Billy Ray King.
Before DOUCET, C.J., and GREMILLION and PICKETT, JJ.
DOUCET, Chief Judge.
The Defendant, Billy Ray King, was charged by bill of information, on May 22, 1995, with one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The trial court minute entry for October 31, 1995, reflects the Defendant, who was not represented by counsel at the time, was present in court, and pled not guilty to the charge. The minutes further reflect trial by jury was set for January 8, 1996, and a notice of that court date was filed. No appearance was made by the Defendant or his attorney on January 8, 1996. The minutes reflect that a bench warrant was issued that date. The next minute entry in the record, June 9, 1997, reflects that the Defendant was present with counsel for a hearing on various motions. Once again, on July 25, 1997, various motions were heard. On that date, the Defendant was not present, but was represented by his counsel. On October 13, 1997, the Defendant, who was present with counsel, filed a motion for a continuance. The court granted the motion and set trial for November 10, 1997. Although the Defendant appeared for trial on that date, his counsel did not and the State moved for a continuance. The trial court granted the continuance and reset trial for November 12, 1997. According to the minutes of November 12, 1997, the Defendant appeared with counsel and filed a Motion to Quash. The trial court denied the motion and the Defendant elected a trial by judge alone. Later that day, the State moved for a continuance, which was granted by the court, and trial was again reset, this time, for November 14, 1997. On November 14, 1997, the Defendant appeared with counsel, withdrew his prior plea of not guilty, and entered a plea of guilty to the charge. Additionally, the Defendant reserved his right to seek review of the trial court's denial of his Motion to Quash. Pursuant to a plea agreement, the Defendant was sentenced that date to three years at hard labor to run concurrent with any other sentence for "probation, parole or revocation." Also, as part of the plea agreement, the State agreed not to file a multiple offender bill. The Defendant now appeals his conviction, alleging one assignment of error.

FACTS
On or about April 2, 1995, the Defendant, a convicted felon, was found to be in possession of a firearm, a violation of La.R.S. 14:95.1.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. This review reveals several patent errors.
First, the trial court did not comply with the requirements of La.Code Crim.P. art. 556.1, which sets forth the colloquy in which a trial court must engage with the defendant before accepting a guilty plea. That article provides:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing *105 him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and crossexamine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and that the waiver of all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. A verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
Although the trial court asked the Defendant if he understood the nature and elements of the charge against him, to which the Defendant responded, "Yes, sir," the trial court did not personally inform the Defendant of the nature and elements of the charge against him. Thus, the trial court did not satisfy the mandate of article 556.1(A)(1). Since, however, this requirement is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three Boykin rights), the Defendant does not allege any misunderstanding as to the nature of the charges to which he pled, and Defendant was represented by counsel, we find the error harmless.
Also, when informing the Defendant of the minimum and maximum penalty of the charge to which he was pleading, the trial court failed to inform the Defendant that the sentence was to be served without the benefit of probation, parole or suspension of sentence, and that the Defendant was subject to a mandatory fine of one thousand ($1,000.00) to five thousand ($5,000.00) dollars. Thus, the trial court violated the provision of article 556.1 that requires the trial court personally inform the Defendant of the mandatory minimum and maximum penalty provided by law. Since, however, the trial court did not impose the Defendant's sentence without benefits and did not impose a fine, this error is, also, harmless.
Finally, as per the other requirements of article 556.1, the trial court failed to inquire as to whether the Defendant's willingness to plead guilty resulted from prior discussions between the District Attorney and the Defendant or his attorney. Neither did the trial court require the disclosure of any plea agreement that had been reached by the parties. Apparently a plea agreement had been reached since the guilty plea form states, "No promises or inducements have been made to me except 3 yrs DOC[,] no multiple bill, credit for time served, concurrent with in [sic] other sentence for probation or parole revocation." But, since the requirement *106 that the plea agreement be disclosed on the record is statutory and not constitutional, and since the Defendant has not complained of any violation of the plea agreement, we, likewise, find these errors harmless.
As noted earlier, the trial court did not impose the Defendant's sentence without benefits nor did the trial court impose a fine, both of which are mandated by the penalty provision of La.R.S. 14:95.1. Thus, the Defendant received an illegally lenient sentence. The issue of an illegally lenient sentence has been previously addressed by this court and resolved as follows:
[W]hen a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review.
State v. Hines, 95-111 p. 3 (La.App. 3 Cir. 10/4/95); 663 So.2d 199, 201, writ denied, 95-2686 (La.2/6/96); 667 So.2d 528, citing State v. Stein, 611 So.2d 800, 801 (La.App. 3 Cir. 12/22/92) and State v. Jackson, 452 So.2d 682 (La.1984).
The State, in the case before this court, has not complained of the lenient sentence; therefore, this court will not recognize this error.
Finally, we note the trial court improperly informed the Defendant that he had three years from the date of his plea to file an application for post-conviction relief. Under La.Code Crim.P. art. 930.8, the Defendant has three years after the judgment of conviction and sentence have become final to apply for post-conviction relief. Thus, we direct the trial court to inform the Defendant of the correct provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. See State v. Eason, 624 So.2d 934 (La.App. 2 Cir.1993).

ASSIGNMENT OF ERROR
The Defendant claims the trial court erred in denying his Motion to Quash the bill of information for failure to commence trial within the two year time limit established by La.Code Crim.P. art. 578(2). The State argues, however, the Defendant's failure to appear for trial on January 8, 1996, interrupted prescription, extending the time limit for trial to at least January 8, 1998. Since the Defendant pled guilty on November 14, 1997, the State claims the guilty plea was rendered well within the time limits set forth in article 578(2). The question before this court is whether the Defendant's non-appearance on January 8, 1996, interrupted prescription.
According to La.Code Crim.P. art. 578(2), the Defendant's trial should have commenced within two years of the date prosecution was instituted. Prosecution was instituted on May 22, 1995, by the filing of a bill of information; and the Defendant's guilty plea was rendered on November 12, 1997, approximately six months beyond the time prosecution was instituted.
La.Code Crim.P. art. 579 provides for the interruption of the time limit established by article 578 if "[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record." Article 579 further provides that the periods of limitation established by article 578 "shall commence to run anew from the date the cause of interruption no longer exists." In the case sub judice, the minutes of October 31, 1995, indicate the Defendant was present in court (although unrepresented by counsel) and was informed that his jury trial was set for January 8, 1996. According to the minutes of January 8, 1996, neither the Defendant nor his counsel appeared and the court issued a bench warrant. Thus, in accordance with article 579(3), we find the time limit set forth in article 578 was interrupted on that date, thereby extending the time limit for bringing the Defendant to trial to at least January 8, 1998. Since the Defendant pled guilty on November 14, 1997, he was brought to trial timely.
The Defendant argues, however, the State has failed to carry its burden of proving that he was brought to trial timely. According to the Defendant, the State has not shown an effort was made to contact or locate the Defendant after the bench warrant was issued. *107 The Defendant cites State v. Malone, 610 So.2d 148 (La.App. 2 Cir.1992), in support of his argument. As in the present case, the defendant in Malone failed to appear for trial. A bench warrant was issued and minimal efforts were made to locate the defendant. Finding the state failed to show that it made reasonable efforts to contact or serve the warrant on the defendant, the appellate court granted the defendant's motion to quash.
However, we find Malone is distinguishable from the present case inasmuch as the defendant in Malone was not tried within one year[1] after the bench warrant was issued. In Malone, the question of when the cause of the interruption ceased to exist and the time limit began to run anew was at issue. Article 579(B) provides for the time limits of article 578 to begin to run anew "from the date the cause of interruption no longer exists." Recognizing that the cause of the interruption in Malone was the issuance of the bench warrant, the court concluded that the cause ceased to exist within some reasonable time after minimal efforts were made to locate the defendant.
However, in the case before this court, the Defendant was brought to trial within two years of the interruption (i.e., within the statutorily mandated two year period from the date his non-appearance interrupted the time limitation). Thus, the question of when the cause of the interruption ceased to exist and the time limit began to run anew is not at issue, and Malone is distinguishable. See also State v. Mack, 30,795 (La.App. 2 Cir. 6/24/98); 716 So.2d 137.
Thus, the trial court properly denied the Defendant's Motion to Quash.

DECREE
The Defendant's conviction is affirmed. The case is remanded; and the district court is directed to inform the Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The defendant in Malone was charged with a misdemeanor offense. In misdemeanor cases article 578 provides for a time limitation of one year rather than two years as in the present case.