19C HE HARDY, Judge.
The State appeals the district court’s ruling which granted the defendant’s motion to quash the bill of information in this prosecution for driving while intoxicated, third offense. We reverse and remand.
On October 1, 1998, the Jefferson Parish District Attorney’s Office filed a bill of information charging that defendant, David W. Gardette, violated La. R.S. 14:98(D) (third-offense DWI) on September 4, 1998 “in that he, having been twice convicted ... in violation of R.S. 14:98, [did] wilfully and unlawfully drive a motor vehicle while intoxicated.” On October 15, 1998, defendant was arraigned and entered a plea of not guilty.
Defendant filed various pretrial discovery motions, including a motion to quash the bill of information. The motion to quash was based on defendant’s contention that the two prior DWI convictions used in this prosecution as predicates for the charge of third-offense DWI were obtained in violation of La.C.Cr.P. art. 556.1-specifi-cally, that the judge accepting defendant’s guilty pleas in the prior convictions not only failed to properly advise defendant of the minimum and maximum possible penalties he faced, but also failed to advise defendant of the enhanced penalties for subsequent offenses.
IsThe trial court granted the motion to quash on December 10, 1998 after a hearing. The judge gave the following oral reasons for the ruling:
It is clear to this Court that nowhere in the colloquy or the Boykin form is the defendant advised of the penalties for the subsequent offense, which in this case is the third offense.
Both the case law and Code of Criminal Procedure Article 556.1 are quite *1264 clear, and particularly 556.1, Section E, says, “In any case where a subsequent offense carries an enhanced penalty, the Court shall inform the defendant of the penalties for the subsequent offense.” That was not done in this case.
The motion to quash is granted.
Immediately after the trial court’s ruling, the State orally moved to appeal. The oral motion was later documented by written supplement.
The current charge against defendant arises from a September 4, 1998 DWI arrest. The bill of information alleges that defendant was previously convicted of driving while intoxicated on November 20, 1997, under docket number F-1106339 in the First Parish Court of Jefferson, and on November 20, 1997, under docket number F-1116127 in the First Parish Court of Jefferson.
The State’s only assignment of error is that the trial judge erred in granting the motion to quash.
The State contends quashal was improper because the defendant failed to meet his burden to show a constitutional deficiency in his prior guilty pleas. The State concedes that the trial court in the prior proceeding did not fully comply with the statutory requirements of La.C.Cr.P. art. 556.1, but argues that any error was harmless. First, the State asserts, the record in the predicate proceedings shows that defendant was properly informed of the core Boykin[1] requirements, of the precise sentences he would receive for his guilty pleas, and of the possibility of enhancement in the event of future DWI |4convictions. Further, the State contends, defendant neither alleges he suffered any prejudice as a result of the errors, nor argues he would have proceeded to trial and foregone the benefits of his guilty pleas had the trial judge complied strictly with the statute.
In response, the defendant asserts the trial court correctly granted the motion to quash because the trial court for the first two counts of DWI erred by failing to inform defendant of the correct minimum, maximum, and any subsequent penalties to be imposed. He states he “could not possible [sic] have known that a subsequent conviction would be sought by the state under a third offense. [He] was simply aware that the two convictions were treated as one single conviction and any future conviction would be treated as a second offense DWI.”
In Boykin v. Alabama, supra, the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. State v. Barrio, 608 So.2d 641, 642 (La.App. 5 Cir.1992). Because a plea of guilty waives these fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent waiver of known rights in order to be valid. Id. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288, 1290 (La.1981).
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives his privilege against compulsory self-inerimi-nation, his right to trial and jury trial where it is applicable, and his right to confront his accusers. State v. Jones, 404 So.2d 1192, 1196 (La.1981). The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. Id.
‘While it is preferable for the trial judge to conduct a colloquy with the defen *1265 dant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.” State v. Halsell, 403 So.2d 688, 690 (La.1981).
La. R.S. 14:98(D)(1) describes third-offense DWI as follows:
On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and shall be fined two thousand dollars.
Our supreme court has held that this language evidences the Legislature’s “clear intent” that all prior DWI convictions should be considered when determining the applicable penalty. State v. Woods, 402 So.2d 680, 683 (La.1981). In addition, the statutory language “shows an intent to distinguish these enhancement proceedings from other multiple offender prosecutions.” Id. Thus, “it is the number of prior convictions, not their sequence, which determines the appropriate designation of a subsequent offense. [Footnote omitted.]” Id.
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases and the burden is on the defendant to show a constitutional deficiency in the prior guilty plea. State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 186, citing State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 560 n. 5.
In Carlos, the Louisiana Supreme’ Court extended the burden-shifting principles of State v. Shelton, 621 So.2d 769 (La.1993), to the multiple offender portions' of the DWI statute, La. R.S. 14:98. Shelton shifted the burden of proof to the defendant in a collateral attack on a prior conviction in habitual offender proceedings under La. R.S. 15:529.1. In Carlos, the Louisiana Supreme Court summarized Shelton as follows:
| fi[W]hen a defendant denies the allegations contained in the bill of information in a habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken.... If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.... If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea.... The State will meet this burden by producing a “perfect” transcript of the guilty plea colloquy. ... Anything less than a “perfect” transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. [Citations and footnotes omitted.]
Carlos, 738 So.2d at 559. A perfect transcript “reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin.” State v. Shelton, 621 So.2d at 780; Carlos, 738 So.2d at 559 n. 4.
The hearing on the motion to quash took place on December 10, 1998. Defendant introduced into evidence the transcript of the November 20, 1997 guilty plea proceeding. The November 20, 1997 transcript shows that the defendant was represented by counsel and that the trial judge specifically advised the defendant of his right to counsel, his right to avoid self-incrimination, his right to face his accusers, and his right to a trial. By introducing a “perfect” transcript, the State satisfied not only its initial burden of proving a prior conviction, but also the ultimate burden of proof delineated, by the Louisiana Supreme Court in Carlos, supra.
*1266 At the hearing on the motion to quash, however, defendant argued that his predicate pleas were defective under Boykin, supra, because the trial court in the 1997 proceeding, violated La.C.Cr.P. art. 556.1 by failing to advise him of the minimum and maximum penalties or fines for first offense DWI, of the minimum or maximum penalties or fines for second offense DWI, or of the possibility for enhancement of his sentence as a multiple DWI offender before accepting his guilty plea.
|7La.C.Cr.P. art. 556.1, captioned “Plea of guilty or nolo contendere in a criminal case; duty of court,” was added by Acts 1997, No. 1061, § 1, and became effective August 15, 1997. It states in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
[[Image here]]
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
As stated previously, the transcript of defendant’s November 20, 1997 hearing establishes that he was represented by counsel. It further reflects that, pursuant to an agreement with the district attorney, the defendant pleaded guilty to two DWI charges in exchange for the dismissal of three other misdemeanor traffic charges. He was allowed to plead guilty to first offense DWI under La.C.Cr.P. art. 894 in case number 1106339. He was also allowed to plead guilty as a first offender to the DWI charge in case number 1116127.
During the proceeding, the trial judge made the following statements and inquiries, and the defendant responded affirmatively, as indicated in the excerpt:
THE COURT:
Okay, Mr. Gardette, I need to ask you questions now about this to make sure that you understand what you’re doing. Do you understand that you are pleading guilty to two Driving While Intoxicated offenses?
[Affirmative response from defendant]
One of them occurring on November 14 th, 1996, and the other occurring on February 6th, 1997.
[Affirmative response from defendant]
Those are the dates that you drove while you were intoxicated?
[Affirmative response from defendant]
And you wish to plead guilty to D.W.I. on both of those dates?
[Affirmative response from defendant]
IsNow you understand, sir, that by entering these guilty pleas you are giving up certain constitutional rights. You’re entitled to a trial in each of these cases but by entering these guilty pleas you give up your right to have a trial. Do you understand that?
[Affirmative response from defendant]
You’re also giving up your right to compulsory process, which means that you’re giving up your right to call witnesses in your own behalf. Do you understand that?
[Affirmative response from defendant]
You’re also giving up your right to confront and to cross-examine any witnesses that would be presented against you by the State. Do you understand that?
*1267 [Affirmative response from defendant]
You are also giving up your appeal rights in both of these cases, and also your right to remain silent, your rights against self-incrimination, and your right not to testify if you go to trial. Do you understand that?
[Affirmative response from defendant]
The maximum sentence is the same in each of these. It’s up to six months in the parish prison and/or a $500 fine plus the mandatory conditions of probation, the community service, the driver improvement program, and the substance abuse program.
Do you understand that’s the maximum sentence?
[Affirmative response from defendant]
Has anybody forced you or threatened you or coerced you in any way to enter these guilty pleas?
THE DEFENDANT:
No, sir.
THE COURT:
Now, your sentence is going to be as follows. In Case No. 17 [1106339], I’m going to do it under the provision of 894, and you are going to be sentenced to pay a fine of $150 or serve 30 days in parish jail in default thereof.
You will be assessed court costs. And further, you’re going to receive a jail sentence of 45 days, which I’m going to suspend the imposition of.
And you’re going to be placed on one year active probation with the special conditions that you perform, four, eight-hour days of community service as well as participate in a substance abuse program and a driver improvement program.
Do you understand that?
[Affirmative response from defendant]
That’s on the first case. On the second case, you will not have the benefit of pleading guilty under 894, and your sentence will be as follows.
| aYou’re going to receive a fine of $150 or 30 days in jail in default of that. And further, court costs will be assessed. You’re going to receive a jail sentence on this case of four months in the parish prison. The imposition-I’m sorry-the execution of that sentence is suspended.
You’re going to be placed on one-year active probation with the same special conditions that I previously mentioned. Now, I’m going to run these sentences concurrently except as to the money that you have to pay.
Do you understand that?
[Affirmative response from defendant]
[[Image here]]
THE COURT:
And you do wish to plead guilty to both of these offenses?
[Affirmative response from defendant]
And you are satisfied with the handling of your case by your lawyer and the Court?
[Affirmative response from defendant]
Your lawyer has submitted to me these plea forms, and I’d like you to look at this (handing).
Did you sign those forms?
[Affirmative response from defendant]
Do you feel you understand what you signed?
[Affirmative response from defendant]
Any questions or anything you want to say about any of this?
THE DEFENDANT:
No, sir, I don’t. Just that I’m sorry that it happened.
*1268 Defendant waived delays and was sentenced by the court.
At the time of defendant’s predicate pleas,[2] La. R.S. 14:98(B)(1) provided, in pertinent part:
On a first conviction, ... the offender shall be fined not less than three hundred dollars nor more than one thousand dollars, and shall be imprisoned for not less than ten days nor more than six months. Imposition or execution of sentence shall not be suspended unless:
[[Image here]]
(b) The offender is placed on probation with a minimum condition that he perform four eight-hour days of court-approved community service activities, at least half of which shall consist of participation in a litter abatement or collection program, participate in a court-approved substance |1flabuse program, and participate in a court-approved driver improvement program.
At the outset, defendant contends that the trial court erred because the judge improperly informed him that the maximum penalty for first offense DWI is the same as the maximum penalty for second offense DWI.[3] However, the defendant incorrectly characterizes the trial judge’s remarks. As quoted above, the judge stated during the plea proceeding, “The maximum sentence is the same on each of these.”
The defendant was charged with two counts of first offense DWI. It is apparent that, when the trial judge stated “each of these,” the judge was referring to the two counts of first offense DWI to which defendant was pleading pursuant to his agreement with the district attorney. Further, the defendant was not charged with second offense DWI; therefore, the trial judge did not have to inform him of the penalty exposure for second offense DWI. Accordingly, defendant’s contention lacks merit.
The State points out that the trial judge in the predicate plea proceeding properly informed the defendant of the maximum term of imprisonment of six months for both counts of first offense DWI under La. R.S. 14:98(B)(1) prior to accepting defendant’s guilty pleas. Thus, defendant’s contention that he was not informed of the maximum possible sentence for first offense DWI lacks merit.
As for notification of the minimum sentence for DWI, the State concedes that the trial judge did not personally inform the defendant of the minimum term of imprisonment of ten days set forth in La. R.S. 14:98(B)(1). The State further concedes that the trial judge did not accurately inform defendant of the correct range of fines for first offense DWI. The trial judge told defendant that he was subject to a maximum fine of $500.00 for first offense DWI conviction. However, after the amendment of La. R.S. 14:98, as noted previously, the range for fines for first offense DWI was $300.00 to $1000.00.
|nThe State maintains that the requirements of La.C.Cr.P. art. 556.1 are statutory, not constitutional requirements like those mandated by Boykin. Citing State v. King, 98-446 (La.App. 3 Cir. 10/7/98), 720 So.2d 103, the State urges us to follow the Third Circuit Court of Appeal, which found harmless error where the trial court failed to personally inform the defendant of the nature of the charge against him where the defendant did not allege any misunderstanding of the nature of the charges against him and the defendant was represented by counsel. Id. at 105.
Interestingly, the defendant also points to State v. King, supra, in support of his *1269 contention that the trial court violated La. C.Cr.P. art. 556.1 in failing to inform the defendant of the penalty ranges provided by law. Id. at 105. He does note that the Third Circuit Court of Appeal found the trial court’s error in failing to inform of the penalty ranges to be harmless because the trial court did not impose a fine.
More importantly, the State notes that this Court indicated in State v. Curtis, 98-1283 (La.App. 5 Cir. 6/1/99), 738 So.2d 657, 662 n. 3, unit denied, 99-1950 (La.12/17/99), 751 So.2d 873, that the trial court’s failure to advise defendant that the first five years of the sentence were to be “without benefit” was error under La. C.Cr.P. art.- 556.1 which was harmless because the sentence which the defendant received in both instances was illegally lenient. Further, in State v. Stamp, 98-193 (La.App. 5 Cir. 7/28/98), 718 So.2d 531, 535, this Court held that the trial court’s failure to fully inform the defendant of the maximum possible penalty was harmless error where no fine was imposed by the trial court.
In this case, the transcript of the 1997 guilty plea proceeding indicates that the trial judge fully advised defendant of his constitutional rights as required by Boykin and of the actual sentence that would be imposed. See State v. Randolph, 98-965 (La.App. 5 Cir. 2/23/99), 731 So.2d 365, 367. Further, the record contains a waiver of rights form signed |1gby the trial judge, the defendant, and his attorney which states that the minimum term of imprisonment for first offense DWI is ten days.
Under La.C.Cr.P. art. 556.1, we do not find that the trial court’s failure to inform defendant of the minimum sentence was error. In reaching this conclusion we note that the waiver of rights form signed by defendant indicated that the minimum penalty for first offense DWI was ten days of imprisonment. Moreover, the defendant does not allege that he was prejudiced by the trial court’s failure to inform him of the minimum sentence for first offense DWI. He does not allege that he misunderstood the penalty. He does not claim that he would have proceeded to trial or foregone the benefits which he received from pleading guilty. Further, he was represented by counsel in each of his predicate pleas.
Based on these factors, we find that although the trial judge erred in failing to fully inform the defendant of the minimum penalty for first offense. DWI, the error was harmless. See State v. Pierce, 98-1074 (La.App. 5 Cir. 2/23/99), 729 So.2d 99, 101.
As for the trial court’s failure to accurately inform defendant of the range of fines for first offense DWI, there is nothing in the record to indicate that the defendant was aware of the accurate range of fines for first offense DWI. Thus, it may be considered error under La.C.Cr.P. art. 556.1. However, it is noted that the defendant received an illegally lenient sentence because he was fined $150.00 when the mandatory minimum fine was $300.00. .
Again, defendant does not allege that he was prejudiced by the trial court’s failure to comply with La.C.Cr.P. art. 556.1. He does not claim that he would not have pleaded guilty had he known the fines for first offense DWI actually ranged from $300.00 up to $1000.00. Lastly, he does not contend that he would have proceeded to trial on the charge of first offense or second offense DWI if he had known that the actual range of fines was $300.00 to $1000.00.
| ^Accordingly, we follow this Court’s reasoning in State v. Curtis, supra, finding that the trial court erred but that the error was harmless.
Finally, the defendant correctly contends that the trial court failed to personally inform him of the potential for enhanced penalties for a subsequent DWI offense as required by La.C.Cr.P. art. 556.1(E). We note, however, that both of the waiver of rights forms, which were signed by the trial judge, the defendant, *1270 and his attorney, contained the following language: “I fully understand that this conviction may be used against me in the future to enhance or increase the sentence or penalties I will receive for any subsequent conviction of the crime of DRIVING WHILE INTOXICATED.”
“While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.” State v. Halsell, 403 So.2d 688, 690 (La.1981); State v. Mansion, 98-992 (La.App. 5 Cir. 4/27/99), 733 So.2d 1212, 1214, writ denied, 99-1545 (La.11/5/99), 751 So.2d 231.
The defendant alleges that after pleading guilty to two first offense DWI charges, he believed that any subsequent offense would be treated as a second offense DWI, not as a third offense. However, he does not claim that he would have proceeded to trial or foregone the benefits he received from pleading guilty. Further, he was represented by counsel in each of his predicate pleas. Accordingly, we find that the trial court’s error in failing to fully comply with La.C.Cr.P. art. 556.1 during the 1997 guilty plea proceeding was harmless, because the record reflects that the defendant was made aware of the potential for enhancement of the penalty if he received another DWI.
Based on the foregoing, we conclude the trial court erred in granting the defendant’s motion to quash. The judgment is reversed and the matter is remanded for further proceedings.

REVERSED AND REMANDED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Pursuant to Acts 1997, No. 1296, § 2, effective August 15, 1997, La. R.S. 14:98(B)(1) was amended to provide that a person convicted of first offense DWI was subject to a minimum fine of $300.00 and a maximum fine of $1000.00.

. Defendant specifically states that the “trial court erred when it stated that the maximum penalty was the same for both counts of DWI.”