CLARENCE E. McMANUS, Judge.
 

 |2The State appeals from the trial court’s decision granting a motion to quash, and dismissing prosecution against the defendant. For the reasons that follow, we reverse the decision of the trial court, reinstate the bill of information and remand for further proceedings.
 

 Defendant, Ken George, was charged by bill of information with one count of distribution of cocaine in violation of LSA-R.S. 40:967(A). He was arraigned on February 28, 2000 and pled not guilty. A trial date was set for April 4, 2000. Defendant failed to appear and an attachment was issued.
 

 Defendant was subsequently arrested over five years later on July 5, 2005, and trial was reset for August 15, 2005. Trial was continued until the next day at which time defendant filed a motion to quash the bill of information claiming that the prosecution was untimely because the two-year time period to commence trial under LSA-C.Cr.P. art. 578 had expired. A hearing on the motion to quash was set for September 14, 2005, but Hurricane Katrina closed the court. After several continuances, the hearing was held on May 13, 2009, at which time the trial court granted defendant’s motion to quash. The State timely appeals the granting of the motion to quash.
 

 Because of the posture of the ease, the facts of the charged offense were never developed in the record. The bill of information alleges defendant distributed cocaine on December 16, 1999. The arrest register, which appears in the record, indicates defendant sold two rocks of cocaine to an undercover agent.
 

 
 *860
 
 | ;,In the sole assignment of error, the State, as appellant, contends that the trial court erred in granting the defendant’s Motion to Quash based upon untimely prosecution pursuant to LSA-C.Cr.P. art. 578. The State maintains that the trial court failed to recognize that the prescriptive period of Article 578 was interrupted under LSA-C.Cr.P. art. 579(A)(3) when defendant failed to appear for the April 4, 2000 court date (for which he had actual notice), and that prescription ran anew from the date the attachment was recalled on July 14, 2005. As a result, the State had until July 14, 2007 to bring defendant to trial, and defendant’s motion to quash, which was filed on August 16, 2005, was premature. Furthermore, the filing of the motion to quash suspended the prescriptive period of Article 578 until the motion was ruled upon by the court.
 

 Defendant responds that at the time he failed to appear for trial in April 2000, the law imposed on the State an affirmative duty to search for defendant and bring him to trial, which it did not do. Defendant relies on
 
 State v. Malone,
 
 610 So.2d 148, 150 (La.App. 2 Cir.1992).
 

 As a general matter, the State has two years from the institution of prosecution to commence a trial in a non-capital felony ease. LSA-C.Cr.P. art. 578(A)(2). The Louisiana Supreme Court has explained that the “statutory periods of limitation ‘enforce the accused’s right to a speedy trial and ... prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.’”
 
 State v. Romar,
 
 07-2140 (La. 7/1/08), 985 So.2d 722, 725 (per curiam),
 
 quoting State v. Rome,
 
 93-1221 (La.1/14/94), 630 So.2d 1284, 1286. The date of institution of prosecution is the date when the bill of information is filed.
 
 State v. Smith,
 
 07-959, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 834.
 

 Upon expiration of the time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against |4the defendant for that criminal conduct. LSA-C.Cr.P. art. 581. Amotion to quash is the proper procedural vehicle for asserting an expiration of the time limitations. LSA-C.Cr.P. art. 532(7);
 
 State v. Smith,
 
 07-959 at 6, 982 So.2d at 834.
 

 Once a defendant shows that the State has failed to commence trial within the time periods specified by the general rule governing time limitations for commencement of trial, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription.
 
 State v. Morns,
 
 99-3235, (La. 2/18/00), 755 So.2d 205 (per curiam).
 

 In the present case, defendant filed a motion to quash on August 16, 2005, claiming the time period for prosecuting him under LSA-C.Cr.P. art. 578 had expired. On its face, defendant’s motion to quash appeared meritorious. Although prosecution was timely instituted, trial was not commenced within the two-year period provided by LSA-C.Cr.P. art. 578(A)(2). Thus, the State bears the burden of proving an interruption or suspension of the time limit.
 

 LSA-C.Cr.P. art. 579 provides for the interruption of the time limitation for commencing trial, as follows:
 

 A. The period of limitation established by Article 578 shall be interrupted if:
 

 (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
 

 (2) The defendant cannot be tried because of insanity or because his presence
 
 *861
 
 for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
 

 B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
 

 1 t;The record in this case shows that defendant was given notice on February 28, 2000 to appear in court for trial on April 4, 2000. Defendant’s signature appears on the notice. Therefore, under LSA-C.Cr.P. art. 579(A)(3), the two-year time period of limitation of Article 578 was interrupted on April 4, 2000 when defendant failed to appear for a court proceeding for which he had actual notice.
 

 The time period did not commence to run anew until the date the cause of interruption ceased to exist, or until defendant was arrested on the attachment and appeared in court in either July or August 2005. LSA-C.Cr.P. art. 579(B);
 
 State v. Romar,
 
 985 So.2d at 727.
 
 [1]
 
 As such, the State had until July or August 2007 to bring defendant to trial and therefore the trial court erred in granting defendant’s motion to quash claiming untimely prosecution, which was filed on August 16, 2005.
 

 Defendant argues that the trial court did not err in granting his motion to quash because at the time he failed to appear for trial, the State has a due diligence requirement to do something to bring him to trial, and that it failed to do anything except rely on the attachment. Contrary to defendant’s assertion, the State had no obligation to find defendant after he failed to appear in court after receiving actual notice of the court date. In
 
 State v. Romar,
 
 07-2140 at 6, 985 So.2d at 726, the Louisiana Supreme Court explained that LSA-C.Cr.P. art. 579(A)(3) “does not impose on the state the affirmative duty to search for a defendant who has failed to appear | (iibr trial after receiving actual notice.” The Supreme Court explained that subsection 3, added by a 1984 amendment, made a defendant’s failure to appear for trial after receiving notice a ground of interruption of the time limits in Article 578 without regard to whether he intended to avoid prosecution by rendering himself a fugitive from justice or whether he otherwise placed himself beyond the control of the state to secure his presence for trial.
 
 Id.
 

 Defendant argues that under
 
 State v. Malone,
 
 610 So.2d 148 (La.App. 2 Cir. 1992), the State was required to exercise due diligence to determine his whereabouts and secure his presence for trial. Defendant recognizes that
 
 State v. Malone
 
 was abrogated by
 
 State v.
 
 Romm; but contends that
 
 Romar
 
 is inapplicable, because it changed the law and because the facts of his case occurred prior to
 
 Romar
 
 being decided.
 

 We disagree, and do not believe that there has been a change of law in LSA-
 
 *862
 
 C.Cr.P. arts. 578 and 579 since prosecution was instituted against defendant when the bill of information was filed on February 9, 2000. While the Second Circuit may have required due diligence in determining the whereabouts of a defendant who had been served but failed to appear for trial, as evidenced by its decision in
 
 Malone, supra,
 
 other courts had held that no such due diligence was required. See
 
 State v. Buckley,
 
 02-1288 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193, where the Third Circuit found the State did not bear the burden of finding and re-serving the defendant after he failed to appear after receiving actual notice under LSA-C.Cr.P. art. 579(A)(3). The Supreme Court in
 
 State v. Romar, supra,
 
 did not change the law, but simply settled a split in the circuits of whether the State bears the same burden under LSA-C.Cr.P. art. 579(A)(3) of showing that it exercised due diligence in determining the whereabouts of the defendant and securing his presence for trial as it does under LSA-C.Cr.P. art. 579(A)(1) and (A)(2), and concluded that it did not.
 
 State v. Romar,
 
 07-2140 at 6, 985 So.2d at 726.
 

 |7In his appellee brief, defendant also asserts arguments regarding his Sixth Amendment right to a speedy trial and maintains the five-year delay from November 30, 2005 and April 20, 2009 is presumptively prejudicial. It appears defendant is attempting to argue that the time delay to hear the motion to quash violated his speedy trial rights. This argument was not presented to the trial court, and therefore is not considered by this Court. Additionally, defendant’s motion to quash was filed before the events of which defendant complains. Events that occurred after defendant filed his motion to quash for untimely prosecution have no bearing on the merits of the motion to quash and the facts and circumstances upon which the motion to quash was based.
 

 In summary, based on the foregoing, we find that the trial court erred in granting defendant’s motion to quash. The time limitation for bringing defendant to trial under LSA-C.Cr.P. art. 578 was interrupted on April 4, 2000, under LSA-C.Cr.P. art. 579(A)(3), when defendant failed to appear at trial for which he had actual notice, proof of which is in the record. The period of limitation began to run anew when defendant was arrested on the open attachment
 
 [2]
 
 and appeared in court in either July or August 2005. Thus, at the time defendant’s motion to quash was filed on August 16, 2005, the time limitation had not expired. Additionally, once defendant filed the motion to quash, the time limitation under LSA-C.Cr.P. art. 578 was suspended until the trial court ruled on the motion. LSA-C.Cr.P. art. 580.
 

 Accordingly, we vacate the trial court ruling granting the motion to quash, reinstate the bill of information charging defendant and remand this matter for further proceedings.
 

 JUDGMENT VACATED; CASE REMANDED.
 

 [1]
 

 . In
 
 Romar,
 
 the defendant failed to appear for trial, for which he received actual notice, and an attachment for his arrest was issued. Eight years passed before defendant was arrested on the attachment and appeared in court. The Supreme Court explained that an arrest warrant "remains in effect until executed” and "does not become ‘stale’ with the passage of time.”
 
 State v. Romar,
 
 07-2140 at 7, 985 So.2d at 727. The Supreme Court further explained that Louisiana law allows an attachment to remain open and serve as a "trip wire against the day when a defendant again comes to the attention of the authorities.”
 
 Id.
 
 The Supreme Court stated that even though defendant was arguably "locatable” during the eight years, the State did not have an affirmative duty to search for him. The Supreme Court concluded that the period of limitation for bringing defendant to trial was interrupted and did not run anew until defendant was arrested on the open attachment and appeared in court.
 
 Id.
 
 at 6-7, 985 So.2d at 726-27.
 

 [2]
 

 . The attachment, was issued on April 4, 2000.